## BURT *against* PLACE.

ASSUMPSIT for land sold, money had and received, &c.; tried at the *Oneida* circuit, in *March*, 1826, before WILLIAMS, C. Judge; when a verdict was taken for the plaintiff, for $296,30, subject to the opinion of this court.

At the trial, it appeared that the plaintiff had, in *April*, 1822, conveyed a small parcel of land to the defendant, by deed acknowledging the receipt of $300 consideration money. But $10 were, however, in fact, paid. The defendant agreed to pay the residue in specific articles, excepting $50, which he was to retain for assisting the plaintiff in defending a law-suit, pending before a justice. The defendant afterwards sold the land to one *Addington*, by deed acknowledging the receipt of $250, as the consideration. He assisted the plaintiff in defending the suit; but was not licensed as attorney or counsel.

Several objections to the plaintiff's recovery were taken at the trial; but the only one passed upon by this court, was, that the transaction was illegal; that the plaintiff's claim for either the value of the land, or the money which the defendant had received for it, was founded on an illegal agreement between the parties; a part of the consideration being for maintenance. That this vitiated the whole transaction; and the parties being *in pari delicto*, the plaintiff could not recover.

An agreement to aid in defending a suit, with one who is not licensed as attorney or counsel, is illegal and void for maintenance.

And where B. sold and conveyed land to P., who was not of the legal profession, upon an agreement that the latter should pay part in specific articles, and part in defending a law suit before a justice; *held*, that the whole agreement was illegal and void; and though the latter had sold the land, and received the money for it, the former could recover nothing.

Where money, &c. is received upon, or in consequence of, an illegal contract, both parties being *in pari delicto*, it cannot be recovered back.

*Edw. Allen*, for the plaintiff, cited *Bac. Abr. Mainten-ance*, (*A.*) 3 *Cowen*, 649; 20 *John*. 403; 5 *John*. 489, 500; 10 *John*. 185.

*S. Beardsley*, contra, cited 2 *Chit. Cr. Law*, 234, *note* (*a*); 4 *Bl. Com.* 134, 5; *id*. 125; *Co. Lit*. 368. *b*.; 5 *John*. 334; 3 *T. R.* 23, 456; *Cowp*. 200; and several other cases, going to illustrate the distinctions laid down in *Cowp*. 200, by Ld. *Mansfield*.

*Curia*, per SAVAGE, Ch. Justice. Maintenance being prohibited by statute, (1 *R. L.* 173, 174,) and a part of the consideration being therefore illegal; this was sufficient to vitiate the contract. (1 *Leon*. 179, 180. *Dy*. 355. *b*.)

The main question then is, can money paid or received upon an illegal contract be recovered back?

The general rule of law is, that it cannot, when it is paid upon an illegal consideration, and both parties are equally criminal. This was so laid down by lord *Mansfield*, in *Smith* v. *Bromley*, (*Doug*. 696, *note*.) His language is, " if the act is, in itself, immoral, or a violation of the general laws of public policy, there, the party paying shall not have this action ; for where both parties are equally criminal against such general laws, the rule is, *potior est conditio defendentis*." In *Lowry* v. *Bourdieu*, (*Doug*. 467,) he said, he desired it might be understood, that the court held, that, in all cases where money has been paid on an illegal consideration, it cannot be recovered back ; except in cases of oppression, where the parties are not *in pari delicto*. In *Howson* v. *Hancock*, (8 *T. R.* 575,) lord *Kenyon* says, " there is no case to be found, where, when money has been actually paid by one of two parties to the other, upon an illegal contract, both being *participes criminis*, an action has been maintained to recover it back." This doctrine has been since repeatedly recognized ; and I know of no case containing a contrary doctrine. In *Lowry* v. *Bourdieu*, *Buller*, justice, says, " there is a sound distinction between contracts executed and executory ; and if an action be brought with a view

to rescind a contract, you must do it while the contract continues executory ; and then it can only be done on the terms of restoring the other party to his original situation."

ALBANY,
Oct. 1826.

Bern
v.
Knox.

In *Hunt* v. *Knickerbacker*, (5 *John*. 334,) *Thompson,* J. says, " it is a general rule of law, that all contracts or agreements which have for their object any thing which is repugnant to the general policy of the common law, or contrary to the provisions of any statute, are void, and not to be enforced." In *Mount* v. *Waite*, (7 *John*. 440,) the plaintiffs were allowed to recover back a premium paid upon the insurance of lottery tickets ; but *Kent*, Ch. J. who delivered the opinion of the court, puts it expressly on the ground, that they committed no crime in making the contract. They violated no statute, nor was the contract *malum in se*. Not so in this case. The contract was both *malum in se*, and prohibited by statute ; and, although it is against conscience for the defendant to keep the plaintiff's money, the court will not lend its aid to enable the latter to recover back money thus illegally paid.

It is unnecessary, therefore, to decide, whether the acknowledgment by the defendant in the deed to *Addington*, of having received the consideration of him, is evidence of the payment of the money to him. (*a.*)

The defendant is entitled to judgment.

Judgment for the defendant.

(*a*) *Semb.* that it is.   (*Thallhimer* v. *Brinckerhoff, ante*, 90.)