## WHEELER vs. POUNDS.

1. P., having traded horses with M., claimed of the latter $20 for cheating him ; he afterwards sold the horse which he obtained by the exchange to W., and it was agreed between them, that P. should sue M. for the $20 ; that W. should have the recovery if he succeeded, and should pay all costs if he failed ; judgment for cost having been finally rendered against P., W. promised the clerk of the court that he would pay them; but having failed to do so, P. paid the costs, and then sued W. to recover them : *Held*, that the contract was champertous, and that W.'s promise to the clerk did not aid plaintiff.

ERROR to the Circuit Court of Chambers.

Tried before the Hon. ROBERT DOUGHERTY.

ASSUMPSIT by Zachariah B. Pounds against Gideon R. Wheeler, on the common money counts ; pleas, *non assumpsit*, statute of frauds, and want of consideration. The bill of exceptions is as follows :

"This cause coming on for trial, the evidence conduced to show, that Pounds had traded horses with one Marshall.; that Pounds claimed $20 of Marshall for cheating him in the trade ; that Wheeler bought the horse from Pounds for $50, and it was, at the same time, agreed that Pounds should sue Marshall, in an action of damages, in a justice's court, for $20 ; and that amount, or any other, if recovered, was to be paid to Wheeler ; that if the suit failed in the justice's court, Pounds was to take the case, by appeal, to the Circuit Court ; if Pounds succeeded in that court, Wheeler was to have the recovery ; and if Pounds lost the case, Wheeler was to pay all the costs. The evidence conduced to show, that both Pounds and Wheeler were in attendance on both courts, where the case against Marshall was tried ; and that Marshall finally succeeded in obtaining judgment against Pounds for costs. Pounds then proved that he had paid the costs, and that Wheeler requested the clerk of the Circuit Court not to issue execution against Pounds, as he was responsible for the cost, and promised to pay them. *Upon this evidence, they must find for the plaintiff* ; defendant excepted,"

Wheeler v. Pounds.

&c. The charge of the court, as shown by the bill of exceptions, is now assigned for error.

J. T. BROCK, for the plaintiff in error, contended, that the contract shown by the evidence was champertous, and therefore could not be enforced; citing Burt v. Place, 6 Cowen 431; Arden v. Patterson, 5 Johnson's Chan. 44; Rust v. Lome, 4 Litt. 417.

GEO. W. GUNN, *contra*, insisted that the contract was not champertous, and cited the following cases: Knight v. Sevain, 6 Green. 361; 1 U. S. Digest, p. 503, § 14; 3 Cowen 624; Campbell v. Jones, 4 Wend. 306; Stoddard v. Mix, 14 Conn. 12; Evans v. Bell, 6 Dana 471; Wilhite v. Roberts, 4 Dana 172; 13 Metcalf 362; 8 Johns. 220; 3 Fairf. 111; 7 Humph. 347.

LIGON, J.—The contract in this case is void for champerty. It is against the policy of our law to permit the traffic in law suits, thus encouraging the bringing of actions, when otherwise no suit might ever arise. Champerty is a bargain with a plaintiff or defendant *campum partire*—to divide the land, or other matter sued for—between them, if they succeed at law; the champertor undertaking to carry on the suit at his own expense. Bouv. Law Dic., tit. Champerty. This offence differs from maintenance in this: in the latter, the person assisting the suitor receives no benefit; while in the former, he receives the whole, one half, or other portion of the thing sued for.—Arden v. Patterson, 5 Johns. Ch. Rep. 44; Bouv. Law Dic., tit. Champerty. So odious, in the eyes of the law, are these contracts, that they confer no rights on the parties making them, and if one pay out money under them, he cannot recover it back. Burt v. Place, 6 Cow. 431.

The promise made to the clerk in this case, being based upon the former champertous agreement, does not strengthen the case of the plaintiff in the court below.

Our conclusion is, that the Circuit Court mistook the law in its charge to the jury; and the judgment must therefore be reversed, and the cause remanded.