MATTHEW WHITE, Appellant, *v.* MICHAEL KUNTZ et al., Respondents.

A creditor who, in executing a composition agreement, has been guilty of fraud in respect to the other compounding creditors, by secretly stipulating for a preference to himself, may not avoid the agreement, because of a similar fraud practiced upon him.

The composition agreement is only void as to the innocent creditors executing it.

*It seems* an innocent creditor, upon repudiating the composition agreement, is restored to the right to enforce his original claim.

Any contract or promise, whereby one of the compounding creditors secretly secures to himself an advantage over the others, and any security given upon any such contract or promise, is void.

*It seems* that any security taken by one of the compounding creditors, even for the sum payable to him under the composition agreement, aside from that which is common to all, if unknown at the time to the other creditors, is inoperative and void.

(Argued November 28, 1887; decided December 13, 1887.)

APPEAL from order of the General Term of the Cour of Common Pleas in and for the city and county of New York, made June 25, 1885, which affirmed an interlocutory judg· ment sustaining a demurrer to plaintiff's complaint. (Reported below, 13 Daly, 286.)

This action was brought against the defendants, Joseph Kuntz, Louis F. Kuntz and Michael Kuntz, about the 1st day of January, 1882, and an amended complaint therein was served in the latter part of March, 1884. The complaint alleges that at the commencement of the action and for five years prior thereto the plaintiff was a malster; that Joseph and Louis F. Kuntz were brewers in the city of New York; that prior to the 3d day of January, 1881, the plaintiff sold and delivered to J. & L. F. Kuntz a large quantity of malt for which they gave him two promissory notes, one dated December 7, 1880, for $5,446.84, and the other dated January 3, 1881, for $12,714.80, each payable four months after date; that the notes were not paid at maturity, that in April, 1881, J. & L. F Kuntz failed and made an assignment for the benefit of their creditors to their father, Michael Kuntz; that afterward certain of their creditors executed a composition agreement whereby they agreed with them and with each other, to accept from them in full satisfaction in discharge of all their demands thirty-three and one-third cents for each dollar due them, to be paid in notes of J. & L. F. Kuntz payable in four equal installments, in two, three, four and five years from May 2, 1881, to the order of Michael Kuntz, and to be by him indorsed, the delivery of which was to operate as a complete release and discharge of all the demands of the creditors signing the agreement: that in pursuance of the composition agreement four notes as therein stipulated were executed and delivered to the plaintiff, each for $1,513.47 and indorsed by Michael Kuntz; that prior to the signing of the composition agreement on the 28th day of April, 1881, and as a consideration to the plaintiff for signing the same, Michael Kuntz signed, sealed and delivered to the plaintiff another agreement by which he was to purchase from the plaintiff the four composition notes,

and to pay him therefor the sum of $10,000, as follows: The sum of $2,500, on the 1st days of June, September and December, 1881, and the sum of $2,500 on the 1st day of March, 1882; that on or about the 19th day of July, 1881, the plaintiff tendered the composition notes to Michael Kuntz and demanded the payment of the first installment of $2,500, under his agreement payable on the 1st day of June, 1881; that payment was refused and that Michael Kuntz refused to perform his agreement of April 28, 1887, alleging that the same was null and void. The balance of the complaint is as follows:

"*Fourth.* The said plaintiff further alleges on information and belief that several signers of the so-called composition agreement, dated April 19, 1881, a copy of which is hereto annexed, were induced to sign and did sign the said agreement under an agreement and promise on the part of the said Michael Kuntz to pay them a larger percentage than one-third of their said debts, and for and in consideration of other inducements and advantages than were expressed in the said agreement, and that the said Joseph and Louis F. Kuntz were cognizant and had full knowledge and information thereof, and that the said defendants conspired together to procure the plaintiff's signature, and that of the others to the said agreement, fraudulently and by agreeing and stipulating to pay certain parties thereto a higher and larger percentage than was provided in and by the said agreement, and that such agreements, stipulations and contracts were fraudulently concealed from the said plaintiff, and that thereby the signature of the said plaintiff was fraudulently procured to be signed thereto, and that the said so-called agreement of composition is null and void and of no binding force upon the said plaintiff, and the same should be decreed to be null and void, and delivered up for cancellation, for the above and other reasons.

"That such agreements for larger payments were, as deponent is informed and verily believes to be true, made with the following and other signers to the said composition agreement, viz.: Evan and P. E. Thomas, Messrs. Rosenheim & Co., Thomas B. Tweddle and others.

" *Fifth.* The said plaintiff further said that he now brings into court and will produce on the trial of this action or otherwise, and he now offers for cancellation and will produce on the trial of this action or otherwise for cancellation, the said four composition notes above set forth, upon which no payment has been made to the said plaintiff.

" And the said plaintiff further saith that he now brings into court, and will produce on the trial of this action or otherwise, and he now offers for cancellation and will produce on the trial or otherwise for cancellation the said covenant and agreement of Michael Kuntz, dated April 28, 1881, above set forth, and a copy of which is hereto annexed.

" The said plaintiff further alleges that he is without an adequate remedy at law in the premises ; wherefore, the said plaintiff invokes the aid of this court in establishing and settling his rights in the premises under the fact above set forth and under the said several agreements, and he asks the decree and judgment of this court:

" FIRST. That this court should set aside and vacate the said so-called composition agreement by the creditors of J. & L. F. Kuntz, dated April 19, 1881, a copy of which is hereto annexed, as fraudulent and void, and that the same should be decreed to be delivered up for cancellation.

" SECOND. That this court should decide upon the status and condition of the said four notes given under the composition agreement to the said plaintiff, and should order the same to be delivered up, for cancellation, as being illegal and void.

" THIRD. That the court should decide upon the status and condition of the said Michael Kuntz' covenant and agreement given to the said plaintiff, and should order and decree that the same should be delivered up, for cancellation, as being illegal and void.

' FOURTH. That judgment should be rendered against the said Joseph and Louis F. Kuntz, and the representatives of the said Louis, for the said two original notes above set forth, for the sum of five thousand four hundred and forty-six dollars and eighty-four cents ($5,446.84), with interest thereon from

the 10th day of April, 1881, and for the sum of twelve thousand seven hundred and fourteen dollars and eighty cents ($12,714.80), with interest thereon from the 6th day of May, 1881, with the costs of this action.

"Fifth. That any other relief, judgment or decree should be rendered herein, which the court may deem consistent with equity and good conscience, and to which the plaintiff may be entitled on the facts of this case, with costs."

To this complaint the defendants demurred on the ground, among others, that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and judgment given thereon in favor of the defendants.

*William Barnes* for appellant. It was necessary, before bringing this action, for the plaintiff to cancel the Michael Kuntz agreement and the composition notes. (*Nichols* v. *Michaels*, 23 N. Y. 264, 273; *Allerton* v. *Allerton*, 50 id. 670; *King* v. *Fitch*, 2 Abb. Ct. App. Dec. 508; *Gould* v. *Cay. Co. B'k*, 86 N. Y. 75, 80; *Am. W. Co.* v. *Brasher*, U. S. Ct. Court, Cal.; Daily Reg., 1882, p. 1028; 14 Rep'r, 609; *Pierce* v. *Wood*, 3 Fost. 519.) The defendants, J. & L. F. Kuntz, the sons, and Michael Kuntz, the father and general assignee of the firm having committed a double fraud in making the agreement with the plaintiff to pay him a larger sum than that stated in the composition deed, and in making agreements for the payment of larger percentages with divers other creditors, which were fraudulent as against the said plaintiff and other creditors, cannot now be permitted to assert the validity of the composition by which the plaintiff's original debt was in form released, and Michael Kuntz discharged from liability as general assignee for the benefit of creditors. (*Mallalien* v. *Hodgson*, Ad. & El., N. R. 16 Q. B. 709, 712; *Wilson* v. *Ray*, 10 Ad. & El. 82; *P. & W. R. R. Co.* v. *Newark*, 13 How. 307, 313; 2 Smith's L. Cases, 818; *Mariner* v. *M. & St. P. R. R. Co.*, 26 Wis. 87.) Under the circumstances stated in the amended complaint and admitted of record by the demurrer, the contracts being executory, it is proper that

the court should order the written instruments tainted by fraud to be surrendered and canceled, and should grant, if necessary, any other ancillary remedies in the premises. (3 Pomeroy's Eq. 457, 458; 2 Bacon's Abr. [London ed., 1798] 298, 321; Pollock, 519; 1 Story on Cont. [4th ed.] 594, § 492; id. 595; 2 Story's Eq. Jur. 6, § 694; *Taylor* v. *Bowers*, 16 Eng. R., Moak's Notes, 352, 356, 357; *Woodworth* v. *Bennett*, 43 N. Y. 273; *Welles* v. *Yates*, 44 id. 525; Danforth's Dig. 486; *Allerton* v. *Allerton*, 50 N. Y. 670; *Gould* v. *Cay. Co. B'k*, 99 id. 333.) Assuming that neither party can legally enforce the Michael Kuntz agreement or the composition deed which was executed *pari passu* with it, and as a part of the same transaction, then it necessarily follows that the court should decree the cancellation of these papers and give judgment for the plaintiff upon the original notes of the defendants, J. & L. F. Kuntz. (Pollock's Prin. Cont. [Am. ed.] 248; *Howden* v. *Haigh*, 11 Ad. & El. 1039; *Higgins* v. *Pitt*, 4 Exch. R. 324, 325; *Knight* v. *Hunt*, 5 Bing. 434; *Beck* v. *Cole*, 4 Sandf. 79, 83; *Bell* v. *Leggett*, 7 N. Y. 179; Story on Cont., § 620; *Partridge* v. *Masser*, 14 Gray, 180, 182; *Hefter* v. *Cahn*, 73 Ill. 297, 301; *Pierce* v. *Wood*, 3 Fost. [N. H.] 519; 86 N. Y. 81; *Kahn* v. *Gumberts*, 9 Ind. 430, 432; *Leving* v. *Gale*, 28 id. 487; *St. John* v. *Benedict*, 6 Johns. Ch. 117; *Spurgeon* v. *McElvain*, 6 Ohio, 444; *Nellis* v. *Clark*, 20 Wend. 28; *Hoover* v. *Pierce*, 27 Miss. 13; *Wooster* v. *Eaton*, 11 Mass. 368; *Taylor* v. *Bowers*, 16 Eng. R. [Moak] 351–353, 356, 357; *Montefiori* v. *Same*, 1 W. Black. 364; *Sweet* v. *Tinslar*, 52 Barb. 271; *Gilmour* v. *Thompson*, 49 How. Pr. 198; *Jones* v. *Seward Co.*, 10 Neb. 158, *Maher* v. *H. Ins. Co.*, 67 N. Y. 292; *Willink* v. *Vanderveer*, 1 Barb. 607; *Gardner* v. *Heartt*, 3 Denio, 226; *Hendrix* v. *People*, 9 Brad. 45; *People* v. *Taylor*, 4 Park. Crim. R. 161; *Mech. B'k* v. *O. L. Ins. Co.*, 1 Disn. [O.] 472.)

*A Blumenstiel* for respondents. No action can be maintained upon the secret agreement of Michael Kuntz to pay $10,000 for notes aggregating $6,053.88, for that agreement

was a fraud on the other creditors in that it provided for an extra, over and above the terms of the composition. (*Gilmour* v. *Thompson*, 49 How. 198–202; *Breck* v. *Cole*, 4 Sandf. 79; *Pinneo* v. *Higgins*, 12 Abb. 334; *Ahensen* v. *Darby*, 6 H. & N. 778; *Leicester* v. *Rose*, 4 East, 372; *Knight* v. *Hunt*, 5 Bing. 432; *Howden* v. *Haigh*, 11 Ad. & El. 1033; *Smith* v. *Cuff*, 6 Maule & S. 160; *Lawrence* v. *Clark*, 36 N. Y. 128; *Van Bokkelen* v. *Taylor*, 62 id. 105; *Hagaman* v. *Burr*, 41 Super. Ct. 423; *Williams* v. *Schreiber*, 14 Hun, 38; *Almon* v. *Hamilton*, 100 N. Y. 532; *Carroll* v. *Shields*, 4 E. D. S. 466; *Beach* v. *Ollendorf*, 1 Hill, 41; *Townsend* v. *Newell*, 22 How. Pr. 11.)

EARL, J. It is a general rule of law that the acceptance of a lesser sum, or an agreement to accept it, does not bar a demand for a greater sum. There is an exception to this general rule, however, in the case of a composition by a debtor with his creditors, in which they agree to accept less than their entire demands. Such an agreement, if entered into by a debtor with a number of his creditors, each acting on the faith of the engagement of the others, will be binding upon them, for each in that case has the undertaking of the rest as a consideration for his own undertaking. "Where creditors thus mutually agree with each other," says Mr. Justice DALY, in *Williams* v. *Carrington* (1 Hilton, 514, 519), "the beneficial consideration to each creditor is the engagement of the rest to forbear. A fund is thereby secured for the general advantage of all; and if any one of the parties were allowed afterwards to enforce his own claim, it would operate to the detriment of the other creditors who have relied upon his agreement to forbear, and might even deprive them of the sum it was mutually agreed they should receive by putting it out of the power of the debtor to carry out the composition." "Every composition deed," says Mr. Justice DUER, in *Breck* v. *Cole* (4 Sand. 79, 83) "is in its spirit, if not in its terms, an agreement between the creditors themselves, as well as between them and the debtor. It is an

agreement that each shall receive the sum or the security which the deed stipulates to be paid and given, and nothing more; and that, upon this consideration, the debtor shall be wholly discharged from all the debts then owing to the creditors who sign the deed." It is, therefore, held that every agreement made by one creditor for some advantage to himself over other creditors who unite with him in a composition of their debts, is fraudulent and void. So scrupulous are courts in compelling creditors to the observance of good faith toward one another in cases of this kind, that any *security* taken for an amount beyond the composition agreed upon, or even for that sum, better than that which is common to all, if unknown at the time to the other creditors, is void and inoperative; and no contract to pay money or do any other valuable thing, and no security given upon any such promise, whereby a creditor obtains an advantage peculiar to himself, can be enforced. (*Russell* v. *Rogers,* 10 Wend. 474, 479.)

Hence the agreement on the part of Michael Kuntz made with the plaintiff, without the knowledge and consent of the other creditors, to pay him $10,000, for the four notes amounting to about $6,000, was fraudulent and void and cannot be enforced. And the composition agreement as to all the innocent parties thereto was absolutely void, and they were left with the right to enforce their original claims as if they had never signed the agreement. If the plaintiff, therefore, were an innocent party, and guilty of no fraud, he could, first repudiating the agreement, have commenced an action at law upon his original notes, and have recovered judgment thereon, and the composition agreement would have been no defense as to him. But he is not an innocent party. He was himself guilty of the very fraud of which he complains, and he cannot therefore allege that he was induced to enter into the composition in consequence of any fraud practiced upon him. He executed the composition agreement knowing that there was not to be equality among the creditors and hence he cannot be permitted to complain that there was not such equality. Having himself taken a fraudulent advantage he cannot set up

that other creditors also took a fraudulent advantage. Having made the best bargain he could for himself, he cannot complain that other creditors did the same. The only persons who can complain of these frauds are the innocent parties to the agreement. What then are the rights of the plaintiff in the dilemma in which he has been placed? He has not forfeited all claims upon his debtors, and there is no ground upon which he can be deprived of all remedy against them. He must either have the composition notes or his original notes. If as to him the composition should be held fraudulent and void, then he could not enforce the composition notes, but would inevitably be left with his action upon his original notes. Having by his signature to the composition induced other innocent creditors to sign also in the belief that all the creditors were to be treated alike, while in fact he was to receive a large advantage over them, he perpetrated one fraud upon them; and if he could now avoid the composition agreement as to him, and enforce his original notes for their full amount, he would perpetrate another fraud upon them, and take a still further advantage of them by depleting the very fund out of which alone perhaps the debtors would be able to fulfill the composition on their part. This he should not be permitted to do, and to defeat such an unjust result he should be held to the composition and his remedy upon the composition notes. The courts would not as between the parties guilty of the fraud, if their interests alone were to be affected, enforce or relieve from the composition agreement. But they will see to it, so far as they can, that the innocent parties are not made the victims of a double fraud, and this they will accomplish by holding the guilty parties to the composition agreement; and so it was held in _Mallalien_ v. _Hodgson_ (16 A. & E. [N. S.] 690) a case quite analogous to this. There, as here, the plaintiff before signing a composition agreement stipulated for a secret advantage to himself, and so and some of the other creditors unknown to him, while it was represented to him by the debtors that all the other creditors were to have no more than the composition agreed upon. EARL, J., said: "Here the plaintiff having

received the composition and the value of the preference, which was a fraud upon the other creditors, is seeking to gain a further exclusive advantage to himself, also in fraud of them, by suing for the balance of his original debt after allowing for the composition and the value of the preference, and claims to avoid his release on the ground that he was induced by the defendants to believe that he alone was fraudulently preferred, whereas some other creditors had also obtained some unjust advantage.    But a deed is not to be avoided on the ground of a fraudulent misrepresentation, unless the matter misrepresented was a material inducement to the execution of the deed." COLE- RIDGE, J., said : " As the plaintiff was himself, in the transaction of the composition and release, guilty of fraud in respect to the other compounding creditors, by stipulating for a preference to himself, he is not at liberty to insist on the fraud at the same time practiced on himself ; nor indeed to say that it is any fraud which induced him to enter into the composition. * * * The plaintiff in this case has entered into an arrange- ment for the compounding of his claim on the defendants which is fraudulent as regards the other creditors.    He has received the composition notes and has executed a release ; but he now resorts to his original demand, and is thereupon met by a plea of the release.    *Prima facie* the release is an answer to the action, because to allow the plaintiff now to recover for his whole original demand would be a fraud on the other creditors who have come into the composition on the faith of the plaintiffs being a party to it."    As to the secret advantage given to some of the other creditors to induce them to sign the composition, the learned judge further said : " The plaintiff has stipulated and obtained a preference for himself which for the reason I have stated, will not vitiate the release as against himself, and it appears to me that the having given a preference to others was also no fraud upon the plaintiff. A mere misrepresentation by the defendants of a fact not material to the plaintiff would not sustain the issue, and the only way in which the misrepresentation could be material to the plaintiff, would be inasmuch as the defendants might be

rendered the less able to carry into execution the fraudulent preference to himself by having bound themselves to act similarly by others. But he had no right to have that preference carried into execution, and, therefore, is not in law prejudiced by a failure in regard to it. The whole consideration for his release is the fraudulent preference promised to himself, and the withholding any such preference from other creditors. He cannot allege the former as a fraud on himself to vitiate the release, for he is *particeps fraudis*, and the latter is so entirely mixed up with it, deriving all its materiality from it, that the same disability seems to exist as to it."

The plaintiff is, therefore, in a position where he is not permitted to allege that the composition agreement is invalid, and he cannot, therefore, enforce his original notes. His only remedy against the defendants is upon the composition notes.

Hence it is quite clear that this complaint does not state a cause of action against the defendants or any of them. The plaintiff upon familiar principles could not come into court and ask to have the agreement of Michael Kuntz dated the 28th day of April, 1881, cancelled. That agreement was fraudulent and void, and the parties thereto were *in pari delicto*, and the courts would not aid either of them to enforce or cancel it. Besides that agreement does not bind him to any thing and if he desires to be rid of it he can tear it up, and he does not need the aid of any court. For reasons already stated the court would not vacate the composition agreement as that is binding upon the plaintiff. The court would not cancel the composition notes and authorize the plaintiff to surrender them to the defendants because they are valid. The court could not for reasons already stated give the plaintiff judgment upon the original notes because they are released and discharged by the composition agreement. The court could not under this complaint, as it now stands, render judgment upon the composition notes because, besides other obstacles, at the commencement of this action neither one of them was due.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.