### SMITH *v.* ZEIGLER.

*(Supreme Court, General Term, Fifth Department. January 22, 1892.)*

1. COMPOSITION WITH CREDITORS—SECRET AGREEMENT—VOLUNTARY PAYMENT.
   Defendant, to induce plaintiff to sign a composition agreement, secretly agreed to pay plaintiff an additional percentage of his indebtedness, which defendant voluntarily paid after plaintiff had signed the composition agreement. Subsequently plaintiff sued defendant on an account not included in the composition agreement. *Held*, that defendant could not counter-claim or recover back the amount paid under the secret agreement.

2. TRIAL—OBJECTIONS TO EVIDENCE.
   Where defendant's counsel, on cross-examination of plaintiff, elicits facts detrimental to his client, plaintiff is entitled to the benefit of the evidence.

Appeal from judgment on report of referee.

Action by John A. Smith against Frederick J. Zeigler. Judgment for plaintiff. Defendant appeals. Affirmed.

*G. D. Reed*, for appellant. *H. M. Hill*, for respondent.

DWIGHT, P. J.  The action was to recover a balance of account for work and materials, in the form of builders' supplies, and for rent of shop and money loaned, claimed to be due to the plaintiff from the defendant.  The plaintiff was a manufacturer of sash, blinds, and doors, and the defendant and one Workman, under the firm name of Workman & Zeigler, were partners in the business of contractors and builders, and as such were engaged in building the Hotel Ontario at Charlotte, and the Sage block in the city of Rochester, and also did work for the plaintiff.  The mutual account accrued during the years 1884 and 1885.  On the 1st of January, 1886, the firm of Workman & Zeigler was dissolved, Zeigler taking the assets and assuming and agreeing to pay all the debts of the firm.  This action was brought against Zeigler alone.  His answer alleged the compromise and settlement of a portion of the plaintiff's account; payment in full of all other portions, and a counter-claim for a balance due the defendant.  The matters declared upon were embraced in three accounts, known as the "Charlotte Job," the "Sage Job," and the "Shop Statement;" the two first being for builders' materials furnished by plaintiff to Workman & Zeigler for use in those jobs, respectively, and the last for rent of shop, money loaned, and work done not relating to either of the jobs mentioned.  There is substantially no controversy here as to the amounts found by the referee as chargeable to the defendant upon either of the accounts mentioned.  All those charges are admitted by the defendant or established by satisfactory evidence, and, with an inconsiderable variation in the sum total of the last two accounts, the findings of the referee in respect thereto are in accordance with the special requests to find of the defendant.  The actual controversy is in respect to the credits to be allowed to the defendant upon the last two accounts, and relates especially to a payment of $359, made by the defendant and Workman to the plaintiff on the 31st day of December, 1884.  The finding upon this item of credit claimed by the defendant is the only one which involves any question of law.  The others involve only questions of fact, which have been decided by the referee either upon uncontroverted evidence or upon conflicting evidence, and ought not to be disturbed.  The controversy mentioned arises upon the following undisputed facts found by the referee:  Before the 12th day of September, 1884, the firm of Workman & Zeigler was indebted to the plaintiff for a balance on the Charlotte account of $1,745, for which the plaintiff filed a mechanic's lien—which was the first lien—on the premises on which the hotel was being erected, and on the day mentioned he commenced proceedings for its foreclosure.  Thereupon Workman & Zeigler, being unable to pay their debts in full, set about effecting a compromise with all their creditors who were interested in the Charlotte job, which was not intended to include, and the compromise actually effected did not include, any other indebtedness of the firm to the plaintiff or any other of their creditors.  On the 27th day of December, 1884, a composition agreement was signed by Workman & Zeigler, and all their creditors interested in the Charlotte job, including the plaintiff, whereby each creditor agreed to take, in full for his debt, the sum of 50 cents on a dollar.  At the time the plaintiff signed the agreement, and as an inducement to procure his signature, an oral agreement was made between him and Workman & Zeigler, whereby the latter secretly, and without the knowledge of the other creditors, promised and agreed to pay the plaintiff 30 per cent. of the Charlotte indebtedness due to him, in addition to the 50 per cent. fixed by the composition agreement.  On the 30th day of the same month Workman & Zeigler paid all the creditors mentioned, including the plaintiff, 50 cents on a dollar of their respective claims, and the plaintiff thereupon, in writing, acknowledged such payment as a settlement in full of the indebtedness due to him on the Charlotte account.  On the next day, and after the composition agreement had been thus fully carried out according to its terms, Workman & Zeigler paid to the plaintiff the sum of $359, which

payment was made, received, and applied upon the additional 30 per cent. agreed to be paid to the plaintiff under the secret agreement above mentioned; and the referee finds, as a conclusion of law, that such payment of $359 was voluntarily made upon an illegal contract, and cannot be recovered back, and is not properly applicable to any other indebtedness of Workman & Zeigler to the plaintiff.

We can have no doubt of the correctness of this conclusion. The question is elaborately, and, we think, conclusively, argued in the opinion of the learned referee; but, as it seems to us, the argument is contained in the statement of the proposition. The secret agreement was no doubt an illegal one, and one which not only could not be enforced by the plaintiff, but which, as to all the creditors except the plaintiff, vitiated the agreement of composition, and entitled them, one and all, to maintain actions to recover the balance of their several claims while retaining the 50 per cent. already received, ( *White* v. *Kuntz*, 107 N. Y. 518, 14 N. E. Rep. 423;) but it is equally clear that the payment, once voluntarily made under the void agreement, cannot be recovered back, (*Burt* v. *Place*, 6 Cow. 431; *Knowlton* v. *Spring Co.*, 57 N. Y. 518; *Solinger* v. *Earle*, 82 N. Y. 393.) The payment in this case was entirely voluntary. The composition agreement was fully executed, the plaintiff was paid his 50 per cent., and had given his acquittance of the debt, and he had no claim, legal or equitable, against the defendant and his partner for another dollar on the Charlotte contract; and yet the latter saw fit to perform the unlawful promise they had made, and paid the money. They can no more recover it back than the plaintiff could have collected it had it not been voluntarily paid.

The claim of the defendant to have the payment so made applied on his other indebtedness to the plaintiff is precisely equivalent to an attempt to recover it in an action brought for that purpose; indeed, to the extent of the counter-claim pleaded, it is a direct attempt to recover back the money paid on the illegal contract. The position of the defendant in the controversy, as to the $359, is that of plaintiff, and the position of the plaintiff is that of defendant, and in all such controversies *potior est conditio defendentis.*

An exception of the defendant to the admission and rejection of evidence of the illegal contract occupies a large space in the argument of his counsel, but may be briefly disposed of. The plaintiff, as the first witness in his own behalf, gave evidence of the work done and charges made by him on all three of the jobs mentioned. On his cross-examination counsel for the defendant entered upon the subject of the compromise and settlement of the claim in respect to the Charlotte job, and drew out from the plaintiff a brief statement of the oral agreement outside the composition deed. This he moved to strike out, on the ground that it "was all merged in the written agreement;" and when that motion was denied he proceeded to elicit a more full and particular account of the oral agreement, and of the circumstances under which it was made. On the redirect examination counsel for the plaintiff recurred to the same subject, under objection of the defendant, but did not pursue it, and the evidence stood, substantially, as drawn out by defendant's counsel, when, at the close of the plaintiff's case, the latter renewed his motion to strike out all evidence of the oral agreement on the same ground as before. There were several obvious answers to the motion, as that the evidence was brought into the case by the defendant, and could not be stricken out at his instance; that it did not tend to vary the terms of the composition deed, but to prove a distinct and separate agreement between two only of the parties to the deed; that it related only to the consideration of the plaintiff's agreement to compromise; and that the consideration expressed in a written agreement is always open to question. *McCrea* v. *Purmort*, 16 Wend. 460; *Ham* v. *Van Orden*, 84 N. Y. 260, 269. But the most satisfactory answer to the defendant's contention in this respect is that neither the validity nor the effect of the

composition deed was in question; that both parties agreed as to what were its terms; that it had been carried out in accordance with those terms; and that it had been in all respects effectual to accomplish the purpose for which it was made. The plaintiff was entitled to the evidence sought to be stricken out, independently of the terms of the composition deed. The oral agreement was the contract upon which the payment in question was made and received, and, because it was made and received upon that contract,—whether legal or illegal, consistent with or contradictory of the terms of the composition deed,—such payment could not be applied to any other contract or indebtedness between the parties. The ruling of the referee upon the motion to strike out was undoubtedly correct. There is no other exception in the case which seems to require discussion. The judgment must be affirmed.

All concur.