MICHAELIS v. TOWNE.

(Supreme Court, Special Term, New York County. August 9, 1899.)

ARREST IN CIVIL ACTION—REPLEVIN—PLEADING—JURISDICTION.

In replevin, where the complaint does not allege that the chattel, or a part thereof, has been concealed, so that it cannot be found or taken by the sheriff, and with intent that it shall not be found or taken, an arrest cannot be sustained, under Code, § 549, as such allegations are jurisdictional.

Action of replevin by Naomi Michaelis against Robert S. Towne. Motion by defendant to vacate order of arrest. Granted.

Parsons, Shepard & Ogden, for the motion.

Edwin M. Felt, opposed.

McADAM, J. The action is not for conversion, but in replevin. A plaintiff cannot so frame his complaint that if he fails to recover the possession of the property he can recover damages for conversion. Maxwell v. Farnam, 7 How. Prac. 236. In conversion the plaintiff abandons title and possession, and seeks satisfaction in damages. In replevin the plaintiff, as she does here, insists upon her title, and seeks to regain possession. If the action had been for conversion, the arrest could be sustained, but, as it is in replevin, it fails, for in such case section 549 of the Code provides that the defendant may be arrested "where it is alleged in the complaint that the chattel or a part thereof has been concealed, removed or disposed of so that it cannot be found or taken by the sheriff and with intent it should not be found or taken, or to deprive the plaintiff of the benefit thereof." These essential jurisdictional requirements do not appear by the plaintiff's papers, and, however much it is to be regretted, the order of arrest must be set aside (Hough v. Folmsbee, 59 Hun, 148, 13 N. Y. Supp. 221; cases collated in 1 Bliss' Code [4th Ed.] p. 791, note d), but without costs.

---

(28 Misc. Rep. 475.)

BOWENS v. STEWART.

(Supreme Court, Appellate Term. July 26, 1899.)

1. COMPOSITION WITH CREDITORS.

Where a second indorser on a note makes an assignment for creditors, and thereafter makes a compromise with such creditors, and the holder of the note is also a creditor of the indorser on another account, and, in executing the compromise deed, stated the indebtedness of defendant as of the amount of such other account, and adds the words, regarding the note, "contingent as indorser," and the assignee was discharged thereupon, the holder could not sue on the note, on the contingency happening, to recover the whole amount, unless the indorser was in default in performing the conditions of the agreement between himself and his creditors, as contained in the composition deed.

2. SAME—CONSTRUCTION OF AGREEMENT.

Where a debtor is liable on an account to a creditor, and also as contingent indorser, and he enters into a composition agreement with his creditors, scheduling the debt and the contingent liability, and agreeing to pay a certain per cent. on his debts, he is not liable for the whole amount

thereof, but only for the per cent. agreed upon in the composition agreement.

Appeal from city court of New York, general term.

Action by Henry E. Bowens against Samuel Stewart. Judgment for plaintiff was affirmed at the general term (58 N. Y. Supp. 1137), and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

John H. Rogan, for appellant.

Putney & Bishop, for respondent.

FREEDMAN, P. J. This action was brought to recover from the defendant the amount of a promissory note upon which he was the second indorser. The note was made by one Coe, payable to the order of Gildemeester & Kroeger, who indorsed it, and transferred it to the defendant, who also indorsed and transferred it to the plaintiff herein. Subsequent to such transfer the defendant made a general assignment for the benefit of his creditors, including this plaintiff. Before the note became due the defendant compromised his debts with his creditors, and they executed a composition deed, by the terms of which they each agreed to accept the sum of 42½ cents for each $1 owing them by the defendant. It was provided in said deed that the aforesaid sum of 42½ per cent. should be paid to the several creditors in cash and notes as follows: Ten per cent. in cash upon the aggregate amount of each claim, 7½ per cent. in notes payable in four months, 7½ per cent. in notes payable in six months, and 17½ per cent. in notes payable in nine months,—the cash to be paid and the notes to bear date May 18, 1896. The deed was executed on May 11, 1896, and at that time the defendant was indebted to the plaintiff in the sum of $1,917, of which the note in suit, amounting to the sum of $367.50, constituted a part. The plaintiff, when he executed the deed aforesaid, stated the defendant's indebtedness to him to be $1,549.50, and then added these words regarding the note: "Contingent as indorser, A. D. Coe note, $367.50." The assignee was discharged upon the defendant complying with the terms of the deed, by paying, on said 18th day of May, 1896, the cash percentage, and giving his notes as specified therein for the amount of his accrued indebtedness. The note in question fell due May 22, 1896, and in August, 1896, this action was begun against the defendant; the plaintiff claiming the full amount of the note. At the time the action was commenced, nothing had been paid thereon; but in July, 1897, the prior indorsers paid to the plaintiff the sum of $153.20 to apply on said note. These facts are undisputed, and in the city court the plaintiff had judgment for the full amount due on the note, less said sum of $153.20, and the defendant appealed therefrom to the general term of the city court, which affirmed the judgment. 58 N. Y. Supp. 1137.

The complaint does not allege that the defendant made default in fulfilling the covenants and conditions of the composition deed. The liability of the defendant, therefore, depends upon the legal construction and effect to be given to the language above referred

to, used by the plaintiff regarding the note in question. By uniting with the other creditors of the defendant, and by the execution of the deed, the plaintiff thereby bound himself to accept from the defendant the sum of 42½ per cent. upon whatever indebtedness existed in his favor against the defendant. White v. Kuntz, 107 N. Y. 527, 14 N. E. 423; Baxter v. Bell, 86 N. Y. 199; Bank v. Kohner, 85 N. Y. 189. At the time of the execution of the deed there was nothing due, although there was a contingent liability upon the note. The word "contingent" ordinarily means "liable to occur." In law its meaning is "dependent upon an uncertain future event." 1 Stand. Dict. 406. The words "contingent as indorser," in the case at bar, are equivalent to saying, "the defendant is liable as indorser to an extent dependent upon the future acts [or payments] of the prior obligors." The language used leads to the conclusion that at the time the deed was executed the plaintiff regarded the note as a valid, independent obligation, enforceable, to some extent, at least, against the maker or prior indorsers, and that he intended thereby to reserve to himself any benefits to be derived therefrom, and also the right to collect of and from the defendant, in accordance with the provisions of the deed, such sum as might fall upon the defendant to pay after the plaintiff had exhausted his remedies against those primarily liable. What that amount would be was not, at the time the deed was executed, capable of determination, as the note was not due; and what that amount would become in the future was also uncertain, as, in case either the maker or the prior indorsers paid the whole or any portion of the note, the amount of the defendant's indebtedness and his liability thereunder would be decreased by the sum so paid. That reservation and right were assented to by the other creditors, as shown by their execution of the deed with that expression contained therein. This is the reasonable construction to be given the language referred to, taken in connection with all the facts and circumstances in the case, and the only one that would do equal justice between all the parties.

Under the construction claimed by the respondent, that the defendant is liable for the full amount of the note, or even for the full amount of the balance remaining unpaid after crediting thereon the amounts paid by the prior obligors, the plaintiff would be enabled to not only recover more from the defendant than he stipulated in his deed to receiver, but more than any of the other creditors would receive. Moreover, the plaintiff ought not to be allowed to violate the true spirit and essence of a composition deed, by so construing the language therein as to thereby enable him to obtain an advantage, peculiar to himself, not contemplated by and superior to the rights and claims of the other creditors. "Every composition deed is in its spirit, if not in its terms, an agreement between the creditors themselves, as well as between them and the debtor. It is an agreement that each shall receive the sum which the deed stipulates shall be paid, and no more." Breck v. Cole, 4 Sandf. 79, 83. Had he obtained any such advantage secretly, it would have constituted a fraud, and any contract thus made could not have been enforced. Russell v. Roger, 10 Wend. 474; White v.

Kuntz, supra. By the construction given by us, the provisions of the deed are carried into effect, and each of the creditors receive their just and equitable share of the debts owing them, according to their agreement with the defendant and with each other. That such was the construction placed thereon by the plaintiff is evidenced by his causing the note to be protested for nonpayment, notice thereof given to the indorsers, and the receipt by him of the sum of $153.20 from Gildemeester & Kroeger, the prior indorsers thereon.

It follows, then, that the plaintiff could not maintain this action to recover the whole amount of the note in question unless the defendant was in default in performing the conditions of the agreement between himself and his creditors, as contained in the composition deed. Bank v. May, 29 Hun, 404. In the case at bar this does not appear. The note in question was not due at the time the deed was executed. The complaint contains no allegation of default on the part of the defendant, nor is any attempt made to prove such to be the fact upon the trial. The plaintiff, having reserved the right to collect the note of the maker and prior indorsers, assumed the duty of making at least some effort to enforce the payment from them; and it is only after notice to the defendant of the amount of any deficiency arising from the failure of the prior obligors to make payment on the note, and demand upon him to comply with the terms and conditions of the composition deed, and the refusal or neglect on his part to perform thereunder, that the plaintiff can maintain this action. Judgment must, therefore, be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.