(87 Misc. Rep. 315)

### HEINZER v. KLYBERG et al.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

1. COMPROMISE AND SETTLEMENT (§ 5*)—AGREEMENT—VALIDITY.

Where all but one of a debtor's creditors signed a composition agreement, and he accepted it orally, but later refused to sign, the acceptance was sufficient to bind him, and he could thereafter recover only under its terms.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 10–16; Dec. Dig. § 5.*]

2. TENDER (§ 24*)—REQUISITES—CHECK.

Where a check tendered in performance of a composition agreement was not certified, and was returned, and the tender was not kept good by depositing the amount of the check in court, as provided by Code Civ. Proc. § 732, it was nugatory.

[Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 79–81, 94; Dec. Dig. § 24.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frederick W. Heinzer against Bernard J. Klyberg and another, trading as Klyberg & Freeny. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Reversed, and judgment directed for plaintiff for $60 and interest, with appropriate costs.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Sidney Nordlinger, of New York City, for .appellant.

H. & J. J. Lesser, of New York City (Harry Yarm, of New York City, of counsel), for respondents.

COHALAN, J. The action was brought to recover the sum of $240 for goods sold and delivered. The sale, delivery, and nonpayment are admitted by the defendants in their answer; but as an affirmative defense they set up that on or about the 9th day of February, 1914, the claim was compromised by an agreement, wherein the plaintiff agreed to accept 25 per cent. of the face value of his claim in ·full settlement thereof. The evidence showed that an involuntary petition in bank-

ruptcy had been filed against the defendants, and that some time later the plaintiff called at the place of business of the firm and asked one of the defendants what he had decided to do for his creditors. He was informed that the firm was to pay 25 cents on the dollar to all their creditors. There was testimony to the effect that the plaintiff agreed to accept this offer. One of the committee of creditors having charge of the defendants' affairs testified that the plaintiff agreed with him to accept, with all other creditors, the 25 per cent. While the plaintiff did not sign the composition agreement, there is abundant testimony to show that the plaintiff agreed with the defendants and the other creditors to accept 25 per cent. of his claim.

[1] A composition agreement, if entered into by a debtor with a number of his creditors, each acting on the faith of the engagement of the other, is binding upon them. There were 42 creditors, and 41 signed the composition agreement; and the plaintiff had accepted orally, but at the last moment refused to sign the agreement. The acceptance of each creditor, whether written or oral, is sufficient, according to the case of White v. Kuntz, 107 N. Y. 522, 14 N. E. 423, 1 Am. St. Rep. 886; also the case of Bowns v. Stewart, 28 Misc. Rep. 475, 59 N. Y. Supp. 721. Of course, the plaintiff denied that he had entered into the composition agreement, although he admits that he had a discussion with regard thereto. There was, therefore, conflicting evidence in the case, and the Court decided in favor of the defendants.

[2] On the merits, I do not think we should disturb the judgment, only in this respect: There was no legal tender of the 25 per cent. made to the plaintiff. A check for $60 was offered in evidence, subject to the order of the plaintiff. This check was not certified, and was returned. The tender was not kept good by depositing the fund or the check in court, pursuant to section 732 of the Code of Civil Procedure. Under these circumstances I think judgment should have been entered for at least the sum of $60, with interest and costs.

Judgment appealed from reversed, with costs, and judgment directed for the plaintiff for the sum of $60 and interest, with appropriate costs in the court below. All concur.