TEODOSIO NOLE, Respondent, *v.* LEONARD ABATE, Appellant.

First Department, February 6, 1920.

**Bankruptcy — composition agreement — preference — validity of bond exacted by one creditor as condition of signing agreement — action on bond — evidence — burden of proof.**

Where a composition agreement between a bankrupt and his creditors provided that they should receive seventy-five per cent of their claims if the business of the bankrupt as conducted by the trustee should yield that sum, a bond exacted by one of said creditors as a condition of his signing the agreement to the effect that the bankrupt would pay him the seventy-five per cent in full, created a preference, and hence is unenforcible.

In an action by said creditor upon the bond, it was unnecessary for the defendant to show that certain other creditors had received no such advantage, as the agreement itself read in connection with the bond clearly indicates that the plaintiff had received a preference, so that he had the burden of establishing that other creditors had received like security.

APPEAL by the defendant, Leonard Abate, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of April, 1917, upon the verdict of a jury rendered by direction of the court at the close of the case.

*Thomas A. McKennell* of counsel [*McKennell & Appell,* attorneys], for the appellant.

——— ———, for the respondent.

SMITH, J.:

The action is upon an undertaking and agreement made by the defendant with the plaintiff in connection with a

composition agreement signed by creditors with one Savarese, against whom proceedings had been instituted in bankruptcy. The composition agreement recited the adjudication in bankruptcy and the transfer to one Yuzzolino, as trustee, of all the property of the bankrupt, for the benefit of the creditors. The business of the bankrupt was to be run for the benefit of the creditors, until they should receive seventy-five per cent of their respective claims. The composition agreement further provided that at a meeting of the creditors to be held one year from date thereof it should be determined whether said business should be further continued. In this composition agreement there was no provision that these creditors should in any event receive seventy-five per cent of their claims, but only if the business of the bankrupt, as thus conducted by the trustee, should yield that sum. Such composition agreement was signed by the bankrupt and his wife and said trustee, and all the creditors of the bankrupt, thirty-seven in number, including this plaintiff, the amount of whose claim was $2,800. In pursuance of said agreement the District Court vacated the proceedings adjudging Savarese a bankrupt. This plaintiff, however, was not content to rest upon that agreement, but as a condition of signing the same he exacted from Savarese a bond, and the defendant's bond was the result of such exaction. That bond covenanted that Savarese would pay the seventy-five per cent in full. The business, as conducted by the trustee, did in fact pay the plaintiff $609, but there remained unpaid of the plaintiff's seventy-five per cent the sum of $1,491, which is the sum sought to be recovered upon this bond.

The answer set up this agreement and alleged that the bond sued upon was void as being exacted to secure a preference by the plaintiff over other creditors who joined in the composition agreement. This defense was disregarded by the trial judge and judgment was ordered for the plaintiff for the sum demanded.

The respondent has not presented in this court any brief, nor was he heard upon the argument. The case seems to come clearly within that line of cases which hold that a secret agreement made by one creditor in these composition agreements, whereby this creditor gets further security or a further

advantage than other creditors, is unenforcible at law. (*White* v. *Kuntz*, 107 N. Y. 518; *Hanover National Bank* v. *Blake*, 142 id. 404.) Other authorities might be cited to the proposition which I think is now recognized.

The defendant upon the trial sought to show that certain other creditors had received no such advantage, so as to show that this was a preference beyond the right secured to other creditors. This was excluded by the trial court. Such proof was in my judgment unnecessary, as the agreement itself, read in connection with the bond, clearly indicates that the plaintiff has received a preference, and it was then upon the plaintiff to show that other creditors had received like security.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, LAUGHLIN, MERRELL and PHILBIN, JJ., concur.

Judgment reversed, with costs to appellant, and complaint dismissed, with costs.