Charlotte Mintz et al., Doing Business under the Name of Mint Factors, Respondents, v. Joseph Clavin & Co., Inc., et al., Appellants, and Joseph M. Galtroff, Respondent, et al., Defendant.

First Department, December 3, 1957.

*Emmet L. Holbrook* of counsel (*Joseph Haskell,* attorney), for appellants.

*Lee R. Mintz,* respondent in person, and for Charlotte Mintz, respondent.

McNALLY, J. The plaintiffs-respondents, by their brief, concede the sole and determinative issue on this appeal to be whether they are bound by the composition agreement between the corporate defendant-appellant and its creditors; if not, then the judgment should be affirmed, otherwise it should be reversed, and the complaint dismissed.

On this record, we find that plaintiffs, through the plaintiff, Lee R. Mintz, a member of the committee of creditors of the corporate defendant, became parties to the composition agreement between said defendant and its creditors, thereby obligating plaintiffs to accept the amount specified in the composition agreement in full satisfaction of the promissory notes which are the subject of this action. The corporate defendant has satisfied and discharged its obligation in accordance with the provisions of the composition agreement.

If it be assumed that prior to September 29, 1955, the date of the letter conveying to the creditors of the corporate defendant the offer in compromise, the plaintiffs did not consent thereto, we, nevertheless, are of the opinion they may not prevail. Incorporated in said letter is the following statement: "your Committee has accepted the said offer for the firms they represent and are recommending its acceptance by all general creditors." Among those named in the letter as a member of the creditors' committee is the plaintiff Lee R. Mintz; he was one of the committee, and he admitted receipt of the letter. On

October 5, 1955, the creditors' committee mailed a letter to the creditors soliciting acceptance of the offer conveyed in the letter of September 29, 1955. The letter of October 5, 1955, also listed the plaintiff Lee R. Mintz as a member of the creditors' committee, and a copy thereof was received by him. The said plaintiff did not disavow said letters; the general creditors of the corporate defendant were never informed of any reservations in respect thereto on the part of the plaintiffs.

It is perfectly plain that the preparation and mailing of the letters of September 29 and October 5, 1955, were within the apparent scope of the agency of the creditors' committee and the secretary thereof, and that they were intended to and did, in fact, persuade the general creditors of the corporate defendant to take under advisement and accept the offer in compromise. Under the circumstances, the plaintiffs are estopped from denying the authority of the creditors' committee, acting through its secretary, to convey to the general creditors the offer in compromise set forth in the letter of September 29, 1955, and the fact of its acceptance by the firms represented on the committee. '' The question of estoppel is one of ethics and is to be enforced where in good conscience and honest dealing it ought to be.'' (*Small* v. *Housman,* 208 N. Y. 115, 123.)

We arrive at the same conclusion in the light of the public policy in respect of composition agreements. In such matters, creditors are required to observe good faith towards one another, and arrangements not within the scope of the composition are void and inoperative. (*White* v. *Kuntz,* 107 N. Y. 518; *Hanover Nat. Bank* v. *Blake,* 142 N. Y. 404.) The requirement of good faith is more compelling as to a general creditor assuming to act as one of a committee of creditors in negotiations with the debtor. In such case, the offer of compromise conveyed in writing, as in the letter of September 29, 1955, to the general creditors, through the agency of the committee of creditors, is operative to the extent so expressed, and any understanding, reservation or arrangement concerning the composition not reflected therein is ineffectual and unenforcible. Plaintiffs did nothing to advise the general creditors of their alleged non-acceptance of the compromise, and knowingly allowed the creditors' committee to convey to the general creditors their acquiescense of the offer and to act on the faith thereof.

In a nonjury cause, this court should enter the judgment that the trial court should have entered. (*Globus Realty Corp.* v. *Fleetwood Terrace,* 275 App. Div. 34; *Bernardine* v. *City of New York,* 294 N. Y. 361; Civ. Prac. Act, § 584, subd. 2.)

638

The judgment in favor of plaintiffs should be reversed, with costs and the complaint dismissed, with costs; the judgment in favor of the defendant, Joseph M. Galtroff, on his cross complaint should be reversed, without costs, and the cross complaint dismissed, without costs.

PECK, P. J., RABIN, FRANK and VALENTE, JJ., concur.

Judgment in favor of plaintiffs is reversed, with costs and the complaint dismissed, with costs; the judgment in favor of the defendant, Joseph M. Galtroff, on his cross complaint is reversed, without costs, and the cross complaint dismissed, without costs. Settle order.