■ METRO BURAK, INC., Respondent, v ROSENTHAL & ROSENTHAL, INC., Defendant and Interpleading Plaintiff. NEW YORK CREDIT MEN'S ADJUSTMENT BUREAU, INC., as Assignee, Appellant.—In an action to recover moneys belonging to plaintiff's judgment debtor, which were being held by defendant as the debtor's factor, the interpleaded defendant appeals from so much

of an order of the Supreme Court, Richmond County, dated July 11, 1975, as, upon plaintiff's motion for summary judgment, (1) failed to grant summary judgment to it and (2) made provisions (the sixth and seventh decretal paragraphs) pursuant to CPLR 3212 (subd [g]). Order modified by deleting therefrom the sixth and seventh decretal paragraphs and substituting therefor the following: "ORDERED, that pursuant to CPLR 3212 (subd [g]), at any subsequent trial, the only issues which should be litigated are whether the plaintiff, by its attorney or otherwise, (1) was aware that the assignment for the benefit of creditors had been executed and delivered by the assignor to the interpleaded defendant as assignee and that the assignee had thereupon accepted the responsibilities thereof despite the fact that it failed to execute the assignment at that time and to record it immediately thereafter, and (2) was elected a member of the creditors' committee at the meeting held on September 20, 1973 and agreed to litigate and distribute the assignors' assets under the subject assignment for the benefit of all of the creditors, and it is further ORDERED, that if, upon a trial of the facts, the answer to either of such questions is found to be in the affirmative, then the plaintiffs may be estopped from asserting the priority of the execution levy issued under its judgment; and if the answer to both questions is in the negative, then such priority should be sustained and judgment granted to the plaintiff." As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to appellant. The assignment for the benefit of creditors was executed by the debtor-assignor and delivered to the assignee (the interpleaded defendant herein) on September 20, 1973 in the office of the named assignee. The assignee did not execute its consent to the assignment at that time. On October 2, 1973 plaintiff, one of the debtor-assignor's creditors, entered a default judgment against the assignor and an execution was issued to the Sheriff. On the following day the Sheriff levied upon certain excess accounts receivable which were held by defendant (the debtor's factor) as garnishee. The assignment was thereafter executed by the secretary of the named assignee; the acknowledgment of his signature recites that he executed it on October 15, 1973. The assignment was filed in the County Clerk's office on October 17, 1973. Plaintiff asserts that, under section 3 of the Debtor and Creditor Law, the assignment did not become effective until the assignee executed the instrument, signifying its acceptance thereof, and until the instrument was recorded, and that the Sheriff's levy in the intervening period therefore had priority. We agree with Special Term's conclusion "that all the procedures set forth in Section 3 of the Debtor and Creditor Law must be completed before such instrument is deemed to take effect, at least insofar as third parties are concerned", and with the reasons stated therefor (see *Rennie v Bean,* 24 Hun 123; 28 NY Jur, Insolvency, § 14). We particularly note, as did Special Term, that that section is entitled *"Requisites* of general assignment" (emphasis supplied) and that each of the three "requisites" (acknowledgment by assignor, acknowledgment by assignee and recordation) is preceded by the word "shall", a presumptively mandatory word (82 CJS, Statutes, § 380). Special Term nevertheless denied summary judgment to plaintiff because it was of the opinion that a question of fact remained as to whether it was estopped from asserting its priority based upon the fact that plaintiff's attorney was present at the creditors' meeting held on September 20, 1973 in the office of the assignee; thus, an issue exists as to whether he "was merely an observer * * * or whether he * * * also agreed that the plaintiff would be a member of the committee of creditors." If the latter, held Special Term, plaintiff was required to observe good faith by liquidating and distributing the debtor's

assets for the benefit of all of the creditors (see *Mintz v Clavin & Co.,* 4 AD2d 635, affd 4 NY2d 886), i.e., without priority to itself. We agree with Special Term, but are of the view that the estoppel issue is broader than that. If plaintiff, by its attorney or otherwise, was present at the creditors' meeting, was aware of the execution and delivery of the assignment by the debtor-assignor, and was further aware that the named assignee was accepting the responsibility of the assignment notwithstanding its failure then and there to execute it as assignee, it may be estopped from asserting the priority of its later judgment levy for this reason as well. Plaintiff may not take advantage of a mere oversight to claim priority over its fellow creditors who might well have continued their own collection procedure and not relied upon the assignment had they known what plaintiff was going to do. We have examined the other grounds urged as a basis for reversal and find them to be without merit. Hopkins, Acting P. J., Martuscello, Damiani, Christ and Hawkins, JJ., concur. [83 Misc 2d 637.]