### Nathaniel P. Jacobs v. Frederick A. Stokes.

*Prohibitory Liquor Law: suit to recover money paid for liquors.* — The statute — Comp. L. § 1662 — authorizing moneys paid for liquors to be recovered back, is aimed at sales in the ordinary sense of the term, where the title passes from one owner to a new and different one; and not to releases on the dissolution of a partnership.

It was accordingly held, that where one partner purchased of his co-partner the interest of the latter in the partnership stock, he could not, under the statute, recover back the money paid for such interest.

Although the Prohibitory Liquor Law avoids all contracts the consideration of which, in whole or in part, consists of liquors sold in violation of the statute, yet if a purchase includes other articles besides liquors, and has been paid for, the statute does not authorize a recovery by the purchaser beyond the amount actually paid for the liquors.

*Submitted on briefs May 17th. Decided May 24th.*

Error to Wayne Circuit. The facts appear by the opinion.

*D. C. Holbrook,* for plaintiff in error, contended that the statute authorizing a recovery for money paid for liquors, did not apply to the case of one partner buying out the interest of his co-partner in the joint stock: and that the recovery for other goods besides liquors was not warranted by anything in the statute. Also, that plaintiff

should have offered to rescind the contract and restore
the goods before bringing suit to recover the consideration
paid therefor.

*A. Russell*, for defendant in error:

A sale or transfer of property from one partner to
another does not differ from a similar transaction between
parties not standing in that relation: — *Story on Part.*
§ 373; *Col. on Part.* § 884.

It is true, a sale of this kind passes only the interest
of the retiring partner; but what more does any sale
effect than to transfer the interest of the vendor? It can
make no difference whether this interest embraces the whole
title or an undivided portion.

The plaintiff is entitled to recover the whole of the
money paid, without deducting that portion paid for gro-
ceries.

There was one entire contract for the sale of the whole
stock.

The statute expressly provides that all agreements, the
consideration whereof, either *in whole or in part*, shall
have been the sale of prohibited liquors, shall be utterly
null and void. And even if the statute had been silent,
the maxim " void in part, void *in toto*," would apply to
its fullest extent. If any part of the entire consideration
for a promise be illegal, whether by statute or common
law, the whole contract is void: — 1 *Pars. Cont.* 380 *and*
*cases cited*; *Wesleyan Seminary v. Fisher*, 4 *Mich.* 526;
*Story on Notes*, § 190; 28 *Vt.* 308; 9 *N. H.* 196; 2
*Gray*, 258.

Defendant could only avail himself of this defense by
showing that a separate price had been affixed to each
article, and a distinct consideration paid.

Every dollar paid generally on this contract, without
appropriation by either debtor or creditor to the groceries,
has for its consideration liquor in part. The law will not

apply any payment to the groceries to shield defendant from the consequences of an illegal act.

The rule that the Court will aid neither where an illegal contract is executed, does not apply, for our statute treats the buyer as innocent. It is not made an offense to buy: — 14 *N. Y.* 94, 163, *and cases cited.*

CAMPBELL J.:

Stokes sued Jacobs for the purpose of recovering back money paid to him on an alleged illegal purchase of liquors. Evidence was introduced to show that the parties owned the stock of groceries and liquors as partners, and that the purchase was simply the buying out by Stokes of the partnership interest of Jacobs in the entire business.

The Court below was asked to charge, that, if this was the real nature of the transaction, the plaintiff below could not recover. The Court refused this, and charged that if such were the case he could recover.

We think the Court erred in so deciding. The purchase by one partner of the interest of his co-partner creates no transfer of the entire property at all like that where, by the sale, a new party becomes vested with the title. It creates the same sort of title which would arise upon the death of a partner by survivorship of the other. No new person is introduced into the ownership.

The statute is aimed at sales in the ordinary sense of the term, where title passes from one owner to a new and different one; and not to releases upon the dissolution of a partnership. None of the mischiefs aimed at by the law can arise from such transfers.

Plaintiff below was also held entitled to recover, not only the price of liquors, but also the price of other groceries, purchased and paid for at the same time. This question only becomes material in the absence of any partnership.

The statute avoids all contracts the consideration for

which, in whole or in part, consists of liquors sold in violation of law :— *Comp. L.* § 1662. But by the same section the right to recover back payments includes only "payments *for such liquors* hereafter sold in violation of law." No money therefore can be recovered except such as has been paid for liquors illegally sold.

The plaintiff was bound to show how much money he had paid for the liquors.

Judgment must be reversed, with costs, and a new trial granted.

MARTIN CH. J. and CHRISTIANCY J. concurred.

MANNING J. was not present at the decision.