### Edward McGunn v. Arnold Hanlin.

*Articles of partnership : Partners : Infants.* Articles of partnership purporting to be between the complainant on the one part and defendant and a minor brother on the other, but which were executed only by the two, are held not to have made the minor brother a partner.

*Partners : Settlement : Laches.* A settlement between partners, which does not appear to have been unfair, will not be disturbed at the instance of one who has not within a reasonable time repudiated its terms nor taken any steps to rescind it.

*Contribution : Partnership debts : Concurrent remedies : Remedy in equity.* A suit for contribution lies as well in equity as at law, and the remedies are at least concurrent; but a suit at law will not lie to enforce contributions towards partnership debts not yet paid; and where a settlement is sought which will embrace the whole debts, paid and unpaid, a bill in equity is the appropriate remedy.

McGUNN *v.* HANLIN.

*Bill in equity: Suit at law: Election of remedies: Equitable remedy.* A law suit pending and not determined is not a bar to a suit in equity upon the same subject; but at a proper stage the court in equity will, if the interests of justice require it, compel an election of remedies; but even then the selection of the equitable remedy is always admissible.

*Arbitration: Agreement: Judgment.* An agreement to submit to arbitration, which contains no covenant or agreement not to sue, or that the award shall be made the foundation of a judgment, is but a common-law arbitration, and enforceable only by action.

*Agreement to arbitrate: Specific performance: Arbitrators: Suits in court.* A mere agreement to arbitrate does not preclude a resort to a court of justice; and it cannot be pleaded in bar. Such agreements will not be specifically enforced, nor will the arbitrators be compelled to act.

*Award: Statutory arbitration.* What force should be given to an award actually made under such an agreement and not impeached for fraud or any other infirmity; and whether a statutory agreement, before the arbitrators have acted, stands on any different basis:—*Quære?*

*Partners: Contribution: Intoxicating liquors: Prohibitory liquor law.* Where articles of partnership contemplate the sale of liquors, and the stock on dissolution contained them, and on settlement one partner has been charged the price of them, and has been authorized to pay certain debts incurred in their purchase, the other partner, when sued for contribution, cannot set up the liquor law in defense of the items paid for such debts.

*Prohibitory liquor law: Buyer and seller: Estoppel: Agency: Partners.* That statute does not go far enough to avoid all dealings not immediately between buyer and seller, or prevent such dealings from being included within grounds of estoppel and agency; and one who has authorized another to pay money on his behalf cannot recall the agency or repudiate the payment after the agent has performed his instructions.

*Partners: Division of assets: Accounts: Contribution.* Where, on a division of partnership assets, one partner has taken certain accounts at their face and been charged with them as moneys he could collect, it is not error, on a subsequent accounting between the partners in equity, to allow such partner for money paid by the debtors during the partnership to the brother of the other partner, and who represented him in the business, which was not credited on the books, and which to that extent reduced the real amount of such accounts below what they appeared to be, and what they were taken at.

*Submitted on briefs April 22. Decided July 14.*

Appeal in Chancery from Livingston Circuit.

*D. Shields,* for complainant.

*Joslin & Whitman,* for defendant.

CAMPBELL, J.

The bill in this cause was filed to obtain a settlement of partnership accounts arising out of business conducted at Howell, in Livingston county, between April 9, 1867, and

February 19, 1868. McGunn, having before done business alone, he on the former day entered into written articles, purporting to be between him as a half owner in the new firm, on the one part, and Arnold and William Hanlin as representing a single interest on the other. Arnold Hanlin, however, was the only one who signed with McGunn, and it turned out on the proof that William was a boy of seventeen or eighteen years, and would not be of age at any time during the agreed year of partnership.

The articles contained the usual stipulations for the personal services of all of the members, but it appears from the proofs that William Hanlin went into the store as salesman and bookkeeper with McGunn, and that Arnold Hanlin had nothing to do with the business himself, but continued to reside in Washtenaw.

William absconded in February, 1868, and took off money belonging to the firm, the full amount of which is disputed. A week thereafter, a settlement and inventory were made, and it was agreed between McGunn and defendant, that McGunn should receive back six hundred dollars from the assets, and allow defendant two hundred dollars for his interest in the remainder, and that defendant should bear half the debts of the firm, and save McGunn harmless from any debts created against the firm by William Hanlin since February 19, 1868.

Subsequently, but when or in what form of pleading does not appear, McGunn sued defendant at law in Washtenaw circuit court, for money paid under the dissolution settlement. Afterwards the parties executed articles of reference to the arbitration of James McMahon and John Clancey, of Ann Arbor, of their matters and difference. No testimony was taken under this arbitration, but it was open when the bill was filed. Complainant claimed that one of the arbitrators had exhibited personal feeling and had refused to proceed.

The answer claimed William to be a partner; denied the charges against him; averred the articles of settlement to

have been procured by fraudulent representations concerning William and his alleged misconduct; claimed the case to be for a court of law; and relied upon the pending arbitration in bar of the bill. These, and some questions of fact, are the outlines of the questions in difference.

Upon the question what persons were partners, there is no room for doubt. Arnold alone signed with McGunn. William was too young, even when the bill was filed, to act for himself; and we are convinced from the proofs, that while Arnold made the arrangement with a view to benefit William, he himself was the only partner, and was represented by William, and was responsible for his conduct of the business, the latter being allowed as holding all his powers in the concern. To what extent defendant might have been responsible for all his misconduct, does not become very material except in a subordinate way. William was his general representative.

Upon the departure of William, McGunn was entitled to a dissolution, and to an accounting. William had been received expressly on account of his supposed knowledge of bookkeeping, and he kept such accounts as were kept. The testimony indicates clearly that the accounts were not accurately kept, and that there were defalcations in the money balances.

We see no sufficient proof that there was any unfairness in the settlement actually made. The inventory was made by competent and fair parties. McGunn was allowed to withdraw his capital, and nothing more beyond a very small sum for rent, and Hanlin was allowed the balance. The debts were assumed equally. As the evidence shows the business ought to have been profitable, and does not show accurately how this balance was arrived at, and as Arnold Hanlin never repudiated the terms of the settlement, nor took any steps to rescind it, it cannot now be disturbed. The result has been unfortunate for all parties, as the debts have more than swallowed up all the assets.

But the question next arises, whether the steps taken by

McGunn and defendant have precluded this equitable proceeding.

There can be no ground for the claim that, in the absence of those proceedings; the remedy in such a case as this is at law.    Circumstances might exist where a suit at law for money paid would furnish a sufficient remedy.    But a suit for contribution lies as well in equity as at law, and the remedies are at least concurrent.    A suit at law would not lie to enforce contribution towards debts not yet paid. This bill is filed to embrace the whole settlement of debts, paid and unpaid, and is properly framed for that purpose.

Although there are vague averments in both bill and answer, concerning a suit at law, there is nothing to show that it was co-extensive with the bill, and the answer does not rely upon it as a bar to further equitable action.    There is nothing before us which would enable us to form an accurate opinion concerning the true nature and extent of that suit.    The answer dwells upon the arbitration, and not upon the lawsuit, as a bar.

But a lawsuit pending and not determined is not a bar to a suit in equity upon the same subject.    At a proper stage of the cause, the court in equity may and will, on a motion for that purpose, determine whether the interests of justice require a complainant to be put to his election of remedies.    He will always be allowed to elect his equitable remedy if he chooses.—*Story's Eq. Jur.*, § *889 ; 2 Dan. Ch. Pr., 961, and seq. and notes.*

The effect of the arbitration is next to be considered.

The agreement to submit to arbitration contains no covenant or agreement not to sue, or that the award shall be made the foundation of a judgment.    Without this condition it is a mere common-law arbitration, and enforceable only by action, in case either party fails to comply with it. The statute only refers to such agreements as fix upon some designated court in which judgment shall be entered on the award.—*2 Comp. L., p. 1917,* § *6889, and seq.*

Whatever force may be given to an award actually

made under such an agreement, and not impeached for fraud or any other imfirmity, there is no authority for holding that parties who have agreed to arbitrate have, by their agreement, precluded themselves from resorting to a court of justice. Such agreements will not be specifically enforced, nor will the arbitrators be compelled to act.—See *cases cited in 2 Story's Eq. Jur.,* § *1457, and notes.* And it is well settled that they cannot be pleaded in bar.—See *Mitchell v. Harris, 2 Ves. Jr., 131; Nichols v. Chalie, 14 Ves., 265; Contee v. Dawson, 2 Bland, 264; 2 Dan. Ch. Pr., 768 and notes.*

The reason given by Mr. Daniell is, that such an agreement is only executory, and an executory agreement can be no more than a cause of action, and cannot be pleaded in bar to another cause of action.—*2 Dan. Ch. Pr., 769.*

It is not necessary to consider whether a statutory agreement, before the arbitrators have acted, stands on a different basis. The subject has been discussed somewhat, but we need not review the authorities.

We think the case is properly before us for decision on the facts.

The evidence is full as to the items allowed on the accounting. The only defense now set up against these is that some of them included bills covering intoxicating liquors.

We do not think this defendant is in a position to set up such a defense, if such should prove to be the fact. The articles of partnership contemplated the sale of liquors. The stock on the dissolution contained them, and complainant was charged the price of them on the settlement. Defendant authorized complainant to pay all these bills, which were allowed, and complainant had a right to rely on that authority. The relationship which had existed between them was of such a nature as to place such transactions on a very different footing from those between an original buyer and seller. The case of *Jacobs v. Stokes, 12 Mich., 381,* held that a partner could not recover back

money paid to his co-partner for liquors owned by the firm. Although, for reasons of public policy, the statute allows sales of liquor contrary to its provisions to be avoided, yet it does not go far enough to avoid all dealings not immediately between buyer and seller, or prevent such dealings from being included within grounds of estoppel and agency. Hanlin has no equities as against McGunn, and no legal defense whatever. He authorized him to pay money, which he has paid, and he cannot now recall the agency, after the agent has performed his instructions. If the testimony were ever so clear, what debts were in whole or in part for liquor, Hanlin cannot now repudiate the payment so as to avoid refunding to McGunn.

Three small items allowed to McGunn in the circuit court were for money paid in to William Hanlin by debtors of the firm, and not credited on the books. Upon a final settlement with these persons, McGunn was compelled to allow the credits. It is now objected that William Hanlin swears that he put the money in the desk with other firm moneys, and that the firm had the benefit of it, and therefore no allowance should now be made for it.

It appears, however, that McGunn in receiving the assets, took the accounts against various parties at their face, and was therefore charged with these items as moneys which he could collect and which belonged to him. We see no reason why he should not have been made a proper allowance when the deficiency appeared. The assets were so much less than they had been made to appear, and the fault was in William Hanlin.

There is much testimony in the cause which is not directly relevant to the issues, and which has created some confusion. The legitimate issues are not numerous, and we feel satisfied with the decision of the circuit court thereon, which must be affirmed, with costs.

The other Justices concurred.