# Hill *et al. v.* Freeman.

*Statutory Real Action in the Nature of Ejectment.*

1. *Executed contract, based on illegal consideration; when courts will not interfere.*—When a contract, based on a consideration contrary to law, immoral, or opposed to public policy, has been fully and voluntarily executed, and the parties are *in pari delicto*, the courts will not interfere, at the instance of either, to disturb the rights which the other has acquired.

2. *Deed based on immoral consideration; when recovery can not be had against grantee.*—When a conveyance of land is executed in consideration of future illicit intercourse between the grantor and grantee, the legal title passes, notwithstanding the illegality of the consideration; and the grantee being in possession, heirs of the grantor can not recover in ejectment.

APPEAL from Calhoun Circuit Court.

Tried before Hon. LeRoy F. Box.

This was a statutory real action in the nature of ejectment, brought by the appellants against the appellee, and was tried on issue joined on the plea of not guilty, resulting in a verdict and judgment for the appellee. The appellants claimed title to the land sued for as the heirs of John Hill, deceased, and introduced evidence tending to show the ownership of the land by their intestate at the time of his death, in 1881, and their heirship. The appellee claimed the land under a deed executed by John Hill to her and her infant son, on 29th May, 1880, which was read in evidence. This deed the plaintiffs attacked on the ground that it was made in consideration of an agreement between the grantor and the appellee "for future illicit intercourse, which agreement was made prior to the making of the deed, and existed when the deed was signed, and under said agreement future illicit sexual intercourse was contemplated and intended" between the grantor and the appellee, when the deed was executed; and they introduced evidence tending to support their ground of attack. The consideration of the deed, as recited therein, was "valuable services rendered for the past eight years, and the said services to be continued for and during the natural life of the said party of the first part by the said party of the second part, to-wit: boarding, lodging, washing, nursing, and taking care of, and to give the attention that may be necessary and required to be given to, a person of the age and condition of the said party of the first

[Hill et al. v. Freeman.]

part." At the time of his death, John Hill was eighty-four years of age.

The plaintiffs offered to prove (1) that the general reputation of the appellee for chastity "for the last fifteen years," had been bad, and (2) that during the time appellee lived with John Hill (it having been shown that she did live with him), a witness examined by them had a conversation with John Hill, "in which Hill declared that his children had been trying to persuade him to get rid of that woman, meaning" the appellee, "but that he intended to have a woman as long as he lived." To the offered proof the appellee separately objected: the court sustained her objections, and the appellants duly excepted. The rulings of the circuit court on the admissibility of this evidence are the only assignments of error here made.

HEFLIN, BOWDEN & KNOX, for appellants.

G. C. ELLIS, and BRADFORD & BISHOP, contra.

SOMERVILLE, J.—We understand it to be a first principle, not now to be assailed or even doubted, that where a contract, based on a consideration contrary to law, immoral, or opposed to public policy, has been fully and voluntarily *executed*, if the parties are *in pari delicto*, the courts will not interfere to disturb the acquired rights of either at the instance of the other. The result is the same as if the contract had originally been legal and valid, and neither can recover the consideration which he has thus voluntarily parted with.—Bishop on Contr. §§ 140, 432; *Morris v. Hall*, 41 Ala. 510, 536; *Boyd v. Barclay*, 1 Ala. 34; *Black v. Oliver*, Ib. 449; *Jacobs v. Stokes*, 12 Mich. 381; *Burt v. Place*, 6 Cow. 431; *Liness v. Hesing*, 44 Ill. 113; 1 Story's Contr. § 543; 1 Addison on Contr. § 303; *Williams v. Higgins*, 69 Ala. 517.

It is of course settled that all illegal *executory* contracts are void, and no court will permit its aid to be invoked for their enforcement.—Bishop on Contr. § 458; 1 Addison on Contr. § 251, *et seq.; Ware v. Jones*, 61 Ala. 288. In *Shiffner v. Gordon*, 12 East. 304, Lord Ellenborough declared it to be a settled rule that "when a contract which is illegal *remains to be executed*, the court will not assist either party in an action to recover for the *non-execution* of it."

The present case manifestly falls within the first principle above enunciated. It is that of an executed contract in which nothing remained to be done by either party. Conceding that the deed from John Hill to the appellee was executed in consideration that one of the grantees would live with him in a future state of illicit intercourse or concubinage, the title of

the land conveyed nevertheless passed to the grantees, and being in possession under their deed, they can not be dispossessed by the heirs of Hill, who can have no greater claim or right than the deceased grantor had. It is plain that such a contract, if unexecuted, could not be enforced in any court. Such was the ruling of this court in *Walker v. Gregory*, 36 Ala. 180. But the deed being executed and delivered, and the grantees being in possession, ejectment will not then lie to dispossess them. The maxim applies, *In pari delicto potior est conditio possidentis*.

There was no error in excluding the evidence offered by appellants, as the illegality of the consideration upon which the deed was based was immaterial.

The judgment is affirmed.