# Koppersmith *v*. Nassano.

*Statutory Detinue for Horse, by Winner at Raffle.*

1. *Raffle, or lottery; when winner may recover from bailee.*—The winner at a raffle can not maintain an action against the person who has the possession of the article, until there has been a constructive delivery to him, by which the legal title would be vested, and all inquiry into the illegality of the transaction would be precluded; but, if the defendant, holding possession as bailee for the winner, denies plaintiff's right to recover because he does not produce the winning ticket, plaintiff is entitled to recover on proof of the loss of the ticket and his ownership of it.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Mary Nassano, against Charles F. Koppersmith and two other persons, to recover a horse, which the plaintiff claimed to have won at a raffle, together with damages for its detention. The horse sued for had belonged to the Neptune Fire Company, No. 2, a private corporate body, and, with another horse, was raffled off by the order or authority of the company. The horses were in the engine-house of the company at the time of the raffle, and the raffle seems to have been conducted by the defendants as a committee on the part of the company. After the raffle, they advertised for the holders of the winning tickets, Nos. 18 and 135, to come forward and get their horses, and delivered one of them to the holder of the former ticket; but refused to deliver the other to plaintiff, on her demand, unless she produced the ticket, which she said was lost. The defendants pleaded *non detinet*, and another plea denying plaintiff's ownership; and issue was joined on these pleas. A charge given by the court in favor of the plaintiff's right to recover, and the refusal of several charges asked by the defendants, are now assigned as error.

TOULMIN, TAYLOR & PRINCE, for the appellant, cited *Woods v. Armstrong*, 54 Ala. 150; *McInnis v. The State*, 51 Ala. 23;

49 Ala. 396; 26 Ala. 71; 20 Ala. 87; 8 Amer. Dec. 682; 10 *Ib.* 491; 17 *Ib.* 423.

J. L. & G. L. SMITH, *contra.*

SOMERVILLE, J.—The action is brought by the appellee, to recover a horse in the hands of the defendants, which is claimed to have been won by the plaintiff at a raffle, or other device in the nature of a lottery. The horse is shown to have been the property of the Neptune Fire-Company, a body corporate, by whose authority the raffle was ordered. The plaintiff is proved to have held the winning ticket, and excuses her failure to produce it by proof of its loss.

If the contract of delivery be executory, it is not denied that it is void for illegality, and incapable of supporting any form of action which is based on it. If there has been a constructive delivery of the horse to the plaintiff, however, the contract would be an executed one, vesting the legal title in the plaintiff, and any inquiry touching its illegality would be entirely immaterial.—*Hill v. Freeman,* 73 Ala. 200; Bishop on Contr. §§ 140, 432; 1 Addison Contr. § 303.

We are disposed to think that, under the evidence disclosed in the record, the defendants were the bailees of the plaintiff, and not of the fire-company, and, therefore, there was a complete constructive delivery of the property to her as the acknowledged winner. The question is one of intention, deducible from ascertained or admitted facts. It is shown that the defendants were a committee constituted to conduct the raffle or lottery, with authority to deliver the horse in controversy, and also another horse disposed of in the same manner and at the same time, to the parties holding the winning tickets. The other horse was promptly delivered to the holder of ticket number 18, on its presentation, and defendants avowed themselves as always ready to deliver the horse in controversy to the holder of the other winning ticket, which was admitted to be number 135. They accordingly published a notice in the *Mobile Daily Register,* announcing this fact, and requesting the holders of the lucky tickets to call for their horses immediately, as they were anxious to deliver them,—this publication being prior to the delivery of the other horse. They refused to deliver to the plaintiff on demand, solely on the ground that she was not the holder of ticket number 135.

The rule is settled, that where the bailee of a seller, in the ordinary sale of personal property, agrees in advance of such sale to become the bailee of the buyer, this assent becomes irrevocable, and the title passes by constructive delivery. *Edwards, Hudmon & Co. v. Meadows,* 71 Ala. 42; Benj. on

[People's Co-operative Association v. Lloyd.]

Sales, § 175. The present case is clearly analogous. The defendants, being at first bailees of the fire-company, agreed to conduct the raffle, and deliver the proper to the holders of the winning tickets; and after the raffle they publicly announced themselves as ready to deliver to such persons on request. They lay no claim to the horse as their property, being mere naked depositaries. Nor does the fire-company refuse to admit ownership in the real winner. The defendants claim to hold for the owner of ticket No. 135, and their only pretense for not delivering is a denial that the plaintiff is such owner. The proof of plaintiff's ownership is clear, and without conflict of evidence. This operated to constitute them the bailees of the winner; and such being the case, there was no error in the various rulings of the court, because the court would have been justified in giving a general charge to find for the plaintiff, if the jury believed the evidence.

Judgment affirmed.