### GUY TILDEN v. CHRISTIAN BERNHARD.

SUBMISSION TO ARBITRATION EXCLUDING JURISDICTION OF COURTS INVALID.

A clause of a contract providing that "Should any dispute arise regarding the provisions of this contract, * * * the same shall be submitted to three arbitrators. * * * and the decision of such arbitrators shall be final and binding on all parties," is illegal in that it ousts the courts of jurisdiction; at least, it is inoperative, in that arbitration is not made a condition precedent or bar to bringing action upon the contract itself.

[Syllabus approved by the court.]

ERROR to Tuscarawas common pleas court.

**J. M. Blake,** for plaintiff in error.

**Hostetler & Hostetler** and **P. S. Olmstead,** for defendant in error.

**TAGGART, J.**

The question in this case is as to the sufficiency of the second amended petition. The court of common pleas sustained a general demurrer to the second amended petition, dismissed the action, and rendered judgment for the defendant. The plaintiff below prosecutes error to this court.

The action below was on an architect's contract for services in preparing plans and specifications for the remodeling of a hotel. In

the contract, which was embodied in the petition, was the following provision:

"Should any dispute arise regarding the provisions of this contract, or any question arise thereunder, or the value of the work done in case of abandonment, the same shall be submitted to three arbitrators. Each of the disputing parties shall choose one, and these two the third, and the decision of such arbitrators shall be final and binding on all parties."

The contention of the defendant was, that this provision was a part of the contract, and that the plaintiff could not recover thereon, until he had first complied with this part of the same, or at least offered to perform, or had given a sufficient excuse for nonperformance.

The claim of the plaintiff was twofold: 1. That this clause is void, because it is general in its terms, and ousts the courts of jurisdiction. 2. This clause is not enforcible, because arbitration is not a condition precedent to the bringing of a suit on the contract.

From the authorities we may deduce the following rule: That a condition in a contract that disputes arising out of it, shall be referred to arbitration, *is good*, when the amount of damages sustained by the breach of the contract is to be ascertained, or when a safe or speedy manner of fixing definitely some fact is to be determined before any right of action accrues; but that it *is illegal* when all matters in dispute, of whatever sort, are to be referred to arbitrators, and to them alone.

The above rule seems to be supported by the opinion of Burket, J., in the case of *Balt. & O. Ry.* v. *Stankard*, 56 Ohio St. 224, 232 [46 N. E. Rep. 577; 49 L. R. A. 381; 60 Am. St. Rep. 745].

But, assuming that the provision of the contract is valid, is it a condition precedent to maintaining an action? Or may an action be maintained on the contract, leaving the parties to such relief as they may have for a breach of this part of the condition of the contract?

The defendant below contends, that this part of the contract must be observed or an excuse given for failure to comply with it, before an action can be maintained on the contract. In support of this contention, we are cited to the cases of *Graham* v. *Insurance Co.* 75 Ohio St. 374, 405 [79 N. E. Rep. 930; 15 L. R. A. (N. S.) 1055]; *Fire Assn. of Phil.* v. *Appel,* 76 Ohio St. 1 [80 N. E. Rep. 952]; *Phoenix Ins. Co.* v. *Carnahan,* 63 Ohio St. 259, 268 [58 N. E. Rep. 805].

There are very essential differences in the terms of the contract

Tilden v. Bernhard.

of insurance under review in these cases, and the contract involved herein.

1.   The insurance policies contain the express provision, that no suit shall be brought until the amount of loss shall have been ascertained by arbitration.

2.   The arbitration shall be limited to the ascertainment of the loss only, and does not refer any other matter or thing to the arbitration.

It will be observed that, in the contract in suit, there is no provision that suit shall not be brought until there is an award, or that the award shall be the basis of a judgment.

What, then, is the purpose of the arbitration, if the court in which suit is brought, may ignore the award and render such a judgment as the facts of the case warrant, independent of the arbitration and award? We think that this determines that this clause of the contracts is a mere agreement to submit to arbitration, which may be revoked by either party, at any time, before final submission or award. That it is merely executory, and, because executory, does not furnish a bar to an action on the contract.

In the case of *State* v. *Jackson,* 36 Ohio St. 281, 283, 284, Judge Okey uses the following language:

"Arbitration is a method which has long existed at common law for the settlement of disputes and controversies. No particular form is required in the proceedings. Neither the arbitrator nor the witnesses are required to be sworn, though the parties may stipulate that such oaths shall be administered. The submission may be revoked by either party at any time before the award is actually delivered, and the award itself has no legal effect whatever except that it furnishes foundation or cause of action or defense against the party who fails to perform or abide by the award."

The circuit court of Montgomery county, in *Dayton & Union Ry.* v. *Railway,* 25 O. C. C. 705 (6 N. S. 537), as a part of the syllabus, deduces the following rule:

"The agreement to arbitrate does not preclude a resort to a court of justice to protect rights growing out of the contract, neither can it be pleaded in bar to such action. Such agreement to arbitrate will not be specifically performed, nor the arbitrators compelled to act."

This court quotes with approval from the case of *McGunn* v. *Hanlin,* 29 Mich. 476, 480.

"The agreement to submit to arbitration contains no covenant or

agreement not to sue or that the award shall be made the foundation of a judgment. Without this condition it is a mere common law arbitration and enforcible only by action in case either party fails. to comply with it. The statute refers to such agreement as fixed upon some designated court in which judgment shall be entered on the award.

"Whatever force may be given to an award actually made under an agreement and not impeached for fraud or any other informity, there is no authority for holding that parties who have agreed to arbitrate have by their agreement precluded themselves from resorting to a court of justice. Such agreements will not be specifically enforced nor will the arbitrators be compelled to act. 2 Story, Eq. Jurisp. Sec. 1457, and notes. And it is well settled that they cannot be pleaded in bar. *Mitchell* v. *Harris*, 2 Ves. Jr. 131; *Nichols* v. *Chalie*, 14 Ves. 265; *Conter* v. *Dawson*, 2 Bland 264; 2 Daniels Ch. Pr. 768 and note.

"The reason given by Mr. Daniels is that such an agreement is only executory and an executory agreement can be no more than a cause of action and cannot be pleaded in bar to another action."

We are of the opinion, that this part of the contract, in terms providing for the submission to arbitration, is in its terms so general as to render it invalid; or, if it is not invalid, then inoperative, at the election of either party; or, at least, not constituting a bar to the bringing and maintaining an action upon the contract itself.

The judgment of the court of common pleas is reversed, for error in the court in sustaining a demurrer to said second amended petition, and is remanded, with direction to said court, to overrule the demurrer.

Exceptions will be noted.

**Donahue** and **Voorhees, JJ.,** concur.