F. J. SILLER & COMPANY v CITY OF HART

1. ARBITRATION AND AWARD—ARBITRATOR'S POWER—AGREEMENT TO
   ARBITRATE—INTENT OF PARTIES.

   An arbitrator derives his power from the agreement between the
   parties and the agreement of arbitration is the law of the case;
   courts will seek to give effect to the intent of the parties as
   evidenced by the agreement itself.

2. ARBITRATION AND AWARD—AGREEMENT TO ARBITRATE—SCOPE OF
   ARBITRATION.

   An agreement to submit to arbitration may limit the scope of
   arbitration in any way the parties choose.

3. ARBITRATION AND AWARD—BAR TO LITIGATION—INTENT OF PARTIES
   —CONDITION PRECEDENT.

   A plaintiff is not barred from bringing an action for payment
   under a contract by a prior adverse decision by an arbitrator
   where the parties in the arbitration agreement did not clearly
   evidence the intent that an arbitration award was to be the
   foundation of a judgment or that the decision of the arbitrator
   would be binding and conclusive but agreed only that arbitra-
   tion would be a condition precedent to the filing of an action.

Appeal from Oceana, Harold Van Domelen, J.
Submitted March 3, 1976, at Grand Rapids.
(Docket No. 25073.) Decided March 25, 1976. Leave
to appeal applied for.

Complaint by F. J. Siller and Company against
the City of Hart for payment for work completed
under a contract. Accelerated judgment for defend-
ant. Plaintiff appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 5 Am Jur 2d, Arbitration and Award § 11 et seq.
[3] 5 Am Jur 2d, Arbitration and Award §§ 20, 36.

*Allaben, Massie, Vander Weyden & Timmer,* for plaintiff.

*Sikkenga, Prince, Barecki & Nicholas,* for defendant.

Before: DANHOF, P. J., and D. E. HOLBROOK and ALLEN, JJ.

DANHOF, P. J. On June 6, 1975, the plaintiff brought the present action against the defendant city seeking payment for work completed under a contract between the parties. The defendant subsequently moved for an accelerated judgment against the plaintiff, which the trial court granted on July 3, 1975. The plaintiff now appeals of right.

On May 2, 1972, the parties entered a written construction contract. It appears the contract was prepared by the defendant's agents. The portion of the contract relevant to this appeal reads as follows:

"140 —*ARBITRATION*
a. *General:* Both parties to this Contract agree that as conditions precedent to the filing of an action in any court involving the amount or rate of payment or settlement for work performed by the Contractor under these Contract Documents, and as a condition precedent to the liability of the Owner for any amount other than contained in the estimates approved by the Engineer shall be referred to arbitration for decision and award. The arbitrator or board of arbitration shall have authority only to pass upon questions involving compensation to the Contractor for work actually performed but not allowed by the Engineer, and its authority shall not extend to the interpretation of the Plans and Specifications or the determination of the qualities or materials or workmanship furnished, nor shall it have authority to set aside or modify the terms or requirements of the Contract.

b. *Selection of Arbitrators:* The parties may agree on one arbitrator; otherwise a board of arbitration shall consist of three persons, one to be named in writing by each party to this Contract within five (5) days after notice of arbitration is served by either party upon the other, and the third member chosen by the first two so named within five (5) days after notice of selection. In determining the award, the majority of the board shall govern. Certified copies of the findings and award shall be filed with the Owner and the Contractor.

c. *Compensation:* The arbitrator or board of arbitration shall make such rules as it shall determine equitable to govern itself in the conduct of the investigation and determination of the award. Said member or members shall fix the amount of the cost of the proceedings, including a fair and reasonable compensation to the arbitrators, and shall determine how the total cost shall be borne."

Thereafter, a dispute arose as to the payment for the installation of a clay lining, which was done as part of the work in the reconstruction of sewage treatment facilities belonging to the defendant city. Pursuant to the contract, the matter was submitted to arbitration. On May 9, 1975, the arbitrator rendered a decision in favor of the defendant and against the plaintiff. The plaintiff then brought the present action.

Pursuant to the defendant's motion for accelerated judgment, a hearing was held by the trial court on July 3, 1975. The court granted the motion pursuant to GCR 1963, 116.1(5) for the reason that the plaintiff's claim was barred by the prior decision of the arbitrator. The court stated that the contract clause, § 140, must be read in connection with MCLA 600.5001; MSA 27A.5001. The court further stated that it must be read in connection with the case law, specifically the cases of *McCandliss v Ward W Ross, Inc,* 45 Mich App

342; 206 NW2d 455 (1973), *lv den,* 389 Mich 795 (1973), and *Kaleva-Norman-Dickson School District v Kaleva-Norman-Dickson School Teachers' Ass'n,* 393 Mich 583; 227 NW2d 500 (1975).[1] The court went on to determine:

"[T]his Court is of the opinion that reading that paragraph [§ 140] suggesting arbitration in the contract with the Statute and with the case law, makes the decision of the arbitrator binding upon both parties, and any action which is referred to by way of court procedure refers to subsequent action as is provided in Court Rule No. 769 [GCR 1963, 769] governing arbitration proceedings."

The court then granted the defendant's motion.

The dispositive issue on appeal is whether the trial court correctly granted the defendant's motion for accelerated judgment.

*McCandliss v Ward W Ross, Inc, supra,* at 343–344, states:

"The arbitrator derives his power from the agreement between the parties, and the agreement of arbitration entered between the parties is the law of the case. *Acme Cut Stone Co v New Center Development Corp,* 281 Mich 32 [274 NW 700] (1937); *Stowe v Mutual Home Builders Corp,* 252 Mich 492 [233 NW 391] (1930)."

In *Acme Cut Stone Co v New Center Development Corp,* 281 Mich 32, 49; 274 NW 700 (1937), the court quoted the following:

"In 2 R. C. L. p 365, it is stated:

" 'There is nothing peculiar in the rules of interpreta-

---

[1] It is not clear how *Kaleva-Norman-Dickson School District v Kaleva-Norman-Dickson Teachers' Ass'n, supra,* applies to the present case. In any event, we find no conflict between that case and the present one.

tion applied to agreements to submit to arbitration. As in the case of all agreements the courts seek to give effect to the intent of the parties as evidenced by the agreement itself. * * * It is possible for the parties in the agreement to limit the scope of the arbitration in any way that is desired.' ''

On the basis of the above authorities, it thus appears that once the court ascertains the intent of the parties from the arbitration agreement then the court will give effect to that intent as that is the law of the case. Further, the scope may be limited as the parties so choose.

*E E Tripp Excavating Contractor, Inc v Jackson County,* 60 Mich App 221, 237; 230 NW2d 556 (1975), *lv den,* 394 Mich 834 (1975), recently held "that to avail themselves of the statutory arbitration provisions parties to a contract must clearly evidence that intent by a contract provision for entry of judgment upon the award by a circuit court". The statutory provisions referred to were MCLA 600.5001 *et seq.;* MSA 27A.5001 *et seq.* The court also stated, *supra* at 236:

"An agreement for statutory arbitration calls into play GCR 1963, 769.1, which is applicable only to statutory arbitration."

In reaching the above holding, the court cited *McGunn v Hanlin,* 29 Mich 476 (1874). *McGunn v Hanlin, supra* at 480–481, states in relevant part:

"The agreement to submit to arbitration contains no covenant or agreement not to sue, or that the awards shall be made the foundation of a judgment. Without this condition it is a mere common-law arbitration, and enforceable only by action, in case either party fails to comply with it. The statute only refers to such agreements as fix upon some designated court in which

judgment shall be entered on the award.—*2 Comp. L.,* p. 1917, § 6889, and seq.[2]

"Whatever force may be given to an award actually made under such an agreement, and not impeached for fraud or any other infirmity, there is no authority for holding that parties who have agreed to arbitrate have, by their agreement, precluded themselves from resorting to a court of justice. Such agreements will not be specifically enforced, nor will the arbitrators be compelled to act.—See case cited in 2 Story's Eq. Jur., § 1457, and notes. And it is well settled that they cannot be pleaded in bar." (Citations omitted.)

In applying the above principles to the present case, the intent of the parties as evidenced by the arbitration section of their contract, § 140, will be controlling as to whether or not the present action is barred by the prior decision of the arbitrator. *McCandliss v Ward W Ross, Inc, supra, Acme Cut Stone Co v New Center Development Corp, supra.*

In order for the parties to avail themselves of the statutory provisions, MCLA 600.5001 *et seq.;* MSA 27A.5001 *et seq.,* and GCR 1963, 769.1, the contract must clearly evidence that the parties intended the arbitration award to be the foundation of a judgment. *E E Tripp Excavating Contractor, Inc v Jackson County, supra, McGunn v Hanlin, supra.* No such intent is evidenced by the arbitration provision in the instant case. The parties only agreed that arbitration would be a condition precedent to the filing of an action. This does not clearly evidence, or even reasonably imply, that they intended the award to be the basis of a judgment. Accordingly, we find the parties may not avail themselves of the statutory provisions, MCLA 600.5001 *et seq.;* MSA 27A.5001 *et seq.,* and the court rule, GCR 1963, 769.1.

---

[2] The predecessor of MCLA 600.5001 *et seq.;* MSA 27A.5001 *et seq.*

Further, there is no wording that indicates the parties intended the decision of the arbitrator to be binding and conclusive. There is no provision which could be construed to be a covenant not to sue.

Absent statutory arbitration or an agreement by the parties, the plaintiff is not precluded from bringing the present action. Therefore, we hold the trial court erred in granting the defendant's motion for accelerated judgment.

Reversed and remanded. Costs to the plaintiff.