### F J SILLER & COMPANY v CITY OF HART

Docket No. 58318. Decided July 18, 1977. On application by the
defendant for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed the decision of the Court of
Appeals.

F. J. Siller and Company brought a complaint in Oceana Circuit
Court against the City of Hart for payment for work completed
under a contract. The plaintiff's claim had been arbitrated
under the contract with an award in favor of the defendant.
The circuit court, Harold Van Domelen, J., granted accelerated
judgment for the defendant. The Court of Appeals, Danhof,
P. J., and D. E. Holbrook and Allen, JJ., reversed on the ground
that a contract provision that arbitration is a "condition prece-
dent" to filing of an action in any court does not preclude the
commencement of an action inconsistent with the arbitration
award (Docket No. 25073). Defendant applies for leave to ap-
peal. *Held:*

The finality of statutory and common-law arbitration agree-
ments depends upon the intent of the parties, which is ascer-
tained by the usual rules of interpretation of agreements. Here,
both parties agreed to arbitrate, and agreed to the specific
arbitrator, site, procedure, and manner of arbitration; nine
hours of proofs were presented at the hearing, and attorneys
represented both parties. A fair interpretation of the agree-
ment is that the parties intended to preclude a court action
regarding disputes within the scope of the arbitration clause
independent of the award. The plaintiff's remedy, if any, is
limited to a challenge to the validity of the arbitration award;
it may not contest *ab initio* in a court the merits of the
contract dispute.

Justice Ryan, dissenting, would construe this agreement of
the parties to submit to common-law arbitration as a condition
precedent, a mandatory prelude, to the mutual right of resort

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 5 Am Jur 2d, Arbitration and Award §§ 14, 29, 142, 146–149.
[2] 5 Am Jur 2d, Arbitration and Award §§ 20, 36, 90.
[4] 5 Am Jur 2d, Arbitration and Award § 15.

to the courts. Judicial policy preferences encouraging binding arbitration to help preclude "legal pollution" and jammed civil court dockets should not interfere with the Court's duty to give effect to the intent of the parties to an arbitration agreement as they expressed it in their own language.

Reversed.

68 Mich App 265; 242 NW2d 547 (1976) reversed.

### OPINION OF THE COURT

1. ARBITRATION AND AWARD—FINALITY—INTENT.

    The finality of statutory and common-law arbitration agreements depends upon the intent of the parties, which is ascertained by the usual rules of interpretation of agreements.

2. ARBITRATION AND AWARD—FINALITY—CONDITIONS PRECEDENT.

    An agreement to submit to arbitration as a "condition precedent" to the filing of an action in any court is fairly interpreted as intending to preclude a court action independent of the award where both parties agreed to the specific arbitrator, site, procedure and manner of arbitration, nine hours of proofs were presented, and attorneys represented both parties at the hearing; having agreed to arbitrate, the parties may not contest *ab initio* in a court the merits of the contract dispute.

### DISSENTING OPINION

#### RYAN, J.

3. ARBITRATION AND AWARD—COMMON LAW—FINALITY.

    *An agreement to submit to common-law arbitration "as a condition precedent to the filing of an action in any court" should be construed as a condition precedent, a mandatory prelude, to the mutual right of resort to the courts rather than an intention to submit the parties' disputes to the binding and irrevocable decision of an arbitrator.*

4. ARBITRATION AND AWARD—AGREEMENTS—FINALITY.

    *Judicial policy preferences encouraging binding arbitration to help preclude "legal pollution" and jammed civil court dockets should not interfere with the court's duty to give effect to the intent of the parties to an arbitration agreement as they expressed it in their own language.*

*Allaben, Massie, Vander Weyden & Timmer* for plaintiff.

*Sikkenga, Prince, Barecki & Nicholas* for defendant.

Per Curiam. The Court of Appeals found a contract provision that arbitration as a "condition precedent" to the filing of a court action does not preclude the commencement of an action inconsistent with the arbitration award. We disagree and, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, reverse the Court of Appeals.

The defendant City of Hart needed sewage treatment facilities. Plaintiff agreed to perform the necessary work. The contract contained this language:

"Both parties to this contract agree that as conditions precedent to the filing of an action in any court involving the amount or rate of payment or settlement for work performed by the contractor under these contract documents, and as a condition precedent to the liability of the owner for any amount other than contained in the estimates approved by the engineer shall be referred to arbitration for decision and award. The arbitrator or board of arbitration shall have authority only to pass upon questions involving compensation to the contractor for work actually performed but not allowed by the engineer, and its authority shall not extend to the interpretation of the plans and specifications or the determination of the qualities or materials or workmanship furnished, nor shall it have authority to set aside or modify the terms or requirements of the contract."

A dispute arose about the payment for installing a clay lining during reconstruction of the sewage treatment facilities. Plaintiff claimed it was owed $85,103. The claim went to arbitration. An arbitrator rendered an award for the city and assessed $900 costs. Within a month, plaintiff sued in circuit court for the $85,103. Defendant won an

accelerated judgment. The Court of Appeals reversed because the contract provided that arbitration is a "condition precedent" to the filing of a court action and did not provide for entry of a judgment on an award or specifically bar post-arbitration court action. 68 Mich App 265; 242 NW2d 547 (1976).

Plaintiff argues that while the contract required arbitration as a condition precedent to the filing of an action, it did not indicate that the arbitrator's decision would be final. Therefore, the court suit was not barred by the arbitrator's decision.

Although statutory arbitration is available in Michigan,[1] *Frolich v Walbridge-Aldinger Co,* 236 Mich 425, 429; 210 NW 488 (1926), makes it clear that statutory arbitration and common-law arbitration coexist in this state. See *Stadel v Granger Brothers, Inc,* 4 Mich App 250; 144 NW2d 609 (1966); *E E Tripp Excavating Contractor, Inc v Jackson County,* 60 Mich App 221, 235; 230 NW2d 556 (1975), *lv den* 394 Mich 834 (1975). In either case, the parties' intent regarding the finality of arbitration should be ascertained by the usual rules of interpretation and given effect. *Acme Cut Stone Co v New Center Development Corp,* 281 Mich 32, 49; 274 NW 700 (1937).

Here, both parties agreed to arbitrate, agreed to a specific arbitrator, and agreed to the site, procedure, and manner of arbitration. Nine hours of proofs were presented. Attorneys represented both parties at the hearing. Yet, the Court of Appeals reading of the "condition precedent" language would deprive that provision and the arbitration hearing conducted of any effect. The plaintiff's contention that the provision as construed retains effect by bringing "the parties together in one

---

[1] MCLA 600.5001; MSA 27A.5001; GCR 1963, 769.

room for a day" and by being a "valid tool for
compromise" is unconvincing. Arbitration would
be just a warmup, binding on no one. Such a result
is unreasonable in light of the rather extensive
arbitration hearing held.

A fair interpretation would be, and we so hold,
that the parties intended the condition precedent
language to preclude a court action regarding
disputes within the scope of the arbitration clause
independent of the award. Having agreed to arbi-
trate, plaintiff's remedy, if any, is limited to a
challenge to the validity of the arbitration award;
it may not contest *ab initio* in a court the merits
of the contract dispute.

The Court of Appeals is reversed, and the judg-
ment of the circuit court is reinstated. Costs to the
defendant.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLE-
MAN, FITZGERALD, and BLAIR MOODY, JR., JJ., con-
curred.

RYAN, J. *(dissenting)*. I cannot agree that when
F. J. Siller and Company and the City of Hart
agreed to arbitration "as a condition precedent to
the filing of an action in any court" they intended
to submit their differences to binding arbitration
and to waive thereby their right to file an action
in the circuit court.

The easy and obvious route to binding arbitra-
tion in this state is via MCLA 600.5001; MSA
27A.5001 which provides for a binding and irrevo-
cable arbitration award providing the arbitration
agreement contains the requisite statutory lan-
guage to the effect that the circuit court may
render judgment upon the award made pursuant
to the agreement. In cases of such "statutory

arbitration" the limited role of the circuit court is governed by GCR 1963, 769.1 *et seq.*

The agreement here in question did not call for binding statutory arbitration because the requisite language subjecting the agreement to the terms of the statute was not employed.

The parties opted instead for common-law arbitration by which they were free to make such agreement as pleased them whether for binding or nonbinding arbitration.

As is the case in construing all contracts, the meaning of the terms used in a common-law arbitration agreement is to be ascertained by discovering the intent of the parties by reference to the language of the agreement itself. *Acme Cut Stone Co v New Center Development Corp,* 281 Mich 32; 274 NW 700 (1937).

The agreement in this case is short and simple.[1]

[1] "140—ARBITRATION

"a. *General:* Both parties to this contract agree that as conditions precedent to the filing of an action in any court involving the amount or rate of payment or settlement for work performed by the contractor under these contract documents, and as a condition precedent to the liability of the owner for any amount other than contained in the estimates approved by the engineer shall be referred to arbitration for decision and award. The arbitrator or board of arbitration shall have authority only to pass upon questions involving compensation to the contractor for work actually performed but not allowed by the engineer, and its authority shall not extend to the interpretation of the plans and specifications or the determination of the qualities or materials or workmanship furnished, nor shall it have authority to set aside or modify the terms or requirements of the contract.

"b. *Selection of Arbitrators:* The parties may agree on one arbitrator; otherwise a board of arbitration shall consist of three persons, one to be named in writing by each party to this contract within five (5) days after notice of arbitration is served by either party upon the other, and the third member chosen by the first two so named within five (5) days after notice of selection. In determining the award, the majority of the board shall govern. Certified copies of the findings and award shall be filed with the owner and the contractor.

"c. *Compensation:* The arbitrator or board of arbitration shall make such rules as it shall determine equitable to govern itself in the conduct of the investigation and determination of the award. Said member or members shall fix the amount of the cost of the proceed-

Not only does it contain no hint of an intention to submit the parties' disputes to the binding and irrevocable decision of an arbitrator, but declares that any arbitration be no more than a condition precedent, a mandatory prelude, to the mutual right of resort to the courts. We have recognized and enforced compliance with such conditions precedent in the past. *Frolich v Walbridge-Aldinger Co,* 236 Mich 425; 210 NW 488 (1926).

Judicial policy preferences encouraging binding arbitration to help preclude "legal pollution" and jammed civil court dockets should not interfere with our duty to give effect to the intent of the parties to an arbitration agreement as they expressed it in their own language.

I would affirm the Court of Appeals and remand the case to the circuit court.

---

ings, including a fair and reasonable compensation to the arbitrators, and shall determine how the total cost shall be borne."