## SIMMONS v GOLF COURSE SPECIALISTS, INC

Docket No. 52807. Submitted June 8, 1981, at Lansing.—Decided August 19, 1981.

Donald T. Simmons entered into a contract with Golf Course Specialists, Inc., and William K. Newcomb, its president. The contract contained a provision that claims subject to arbitration under the contract would be submitted to arbitration and that the decision of the arbitrators would be "a condition precedent to any right of legal action that either party may take against the other". A dispute arose. Golf Course Specialists demanded arbitration. Simmons participated in the arbitration proceedings and made his own claims against Golf Course Specialists. The arbitrator denied Simmons's claims and made an award in favor of Golf Course Specialists. Simmons brought an action for breach of contract against Golf Course Specialists, Inc., and its president, William K. Newcomb, in Washtenaw Circuit Court. Defendants moved for confirmation of the arbitrator's award. Ross W. Campbell, J., ultimately confirmed the arbitrator's award and dismissed plaintiff's claims. Plaintiff appeals. *Held:*

Since the plaintiff proceeded with arbitration without objection and presented his own claims before the arbitrator, the trial court properly and fairly interpreted the "condition precedent" language of the contract as precluding a court action on the claims decided by the arbitrator. The trial court properly dismissed plaintiff's action and confirmed the arbitrator's award.

Affirmed.

Aʀʙɪᴛʀᴀᴛɪᴏɴ — Fɪɴᴀʟɪᴛʏ — Cᴏɴᴅɪᴛɪᴏɴs Pʀᴇᴄᴇᴅᴇɴᴛ.

An agreement to submit to arbitration as a "condition precedent" to any right of legal action that either party to a contract may take against the other party to the contract is fairly interpreted as intending to preclude a court action independent of the arbitration award as to those disputes where the parties submit the matter to arbitration without objection.

Rᴇꜰᴇʀᴇɴᴄᴇ ꜰᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇ
5 Am Jur 2d, Arbitration and Award § 20.

*Hooper, Hathaway, Price, Beuche & Wallace,* for plaintiff.

*Michael P. Knapp,* for defendants.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

PER CURIAM. Plaintiff, owner of golf course property, contracted with defendant Golf Course Specialists, Inc., respecting the design of a golf course on plaintiff's property. The contract was drafted by defendant William K. Newcomb, president of Golf Course Specialists, Inc., and signed by plaintiff. The contract included an arbitration clause as follows:

"(c) Arbitration
"All claims subject to arbitration under the Contract shall be promptly submitted to arbitration upon demand by either party to the dispute. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may take against the other.
"Notice of demand for arbitration shall be in writing delivered in person or by certified or registered mail to the other party to the Contract. Simultaneously a copy shall be filed with the Landscape Architect. The notice of demand for arbitration shall be made within a reasonable time after the dispute but in no case shall such demand be made later than the time of final payment unless expressly stipulated otherwise in the Contract.
"The Contractor shall not cause a delay of the work during any arbitration proceedings except by agreement with the Owner.
"The procedure of arbitration shall be the standard form of arbitration procedure of the American Arbitration Association."

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant Golf Course Specialists, Inc., pursuant to the condition precedent language of the construction contract, demanded arbitration proceedings to recover contract retainages. Plaintiff participated in the arbitration proceedings and made claims for damages totaling in excess of $100,000. The arbitrator issued an award denying all of plaintiff's claims and awarding defendant $32,889.50 plus interest.

Subsequent to the arbitrator's award, plaintiff filed suit, alleging breach of contract by defendant Golf Course Specialists, Inc., fraud by the defendants in inducing plaintiff to enter the contract, and a claim of personal liability on the part of defendant Newcomb for the acts of the corporate defendant. Defendants' counterclaim sought a confirmation of the arbitration award as a statutory arbitration, confirmation of the award as a common-law arbitration, and damages for breach of contract by plaintiff. The trial court confirmed the arbitration award and its opinion ultimately resulted in summary judgment in favor of defendant Golf Course Specialists, Inc., in the amount of the arbitration award, plus interest and dismissal of all plaintiff's claims based upon an application of the holding of *F J Siller & Co v City of Hart,* 400 Mich 578; 255 NW2d 347 (1977). Plaintiff in this appeal urges this Court to find that the *Siller* holding was inappropriately applied by the trial court to "arrive at a correct interpretation of the parties' intent in the particular circumstances of the case at bar".

The Michigan Supreme Court in *Siller v City of Hart, supra,* Justice RYAN dissenting, held that statutory arbitration and common-law arbitration coexist in Michigan and that the "parties' intent regarding the finality of arbitration should be

ascertained by the usual rules of interpretation and given effect". *Siller, supra,* 581. The arbitration clause in the *Siller* case read as follows:

" 'Both parties to this contract agree that as conditions precedent to the filing of an action in any court involving the amount or rate of payment or settlement for work performed by the contractor under these contract documents, and as a condition precedent to the liability of the owner for any amount other than contained in the estimates approved by the engineer shall be referred to arbitration for decision and award. The arbitrator or board of arbitration shall have authority only to pass upon questions involving compensation to the contractor for work actually performed but not allowed by the engineer, and its authority shall not extend to the interpretation of the plans and specifications or the determination of the qualities or materials or workmanship furnished, nor shall it have authority to set aside or modify the terms or requirements of the contract.' " *Siller, supra,* 580.

The Supreme Court reversed the Court of Appeals decision in *Siller,* 68 Mich App 265; 242 NW2d 547 (1976), which had held that the terms of the arbitration clause stating that arbitration that was a "condition precedent" to court action did not preclude post-arbitration court action. The Supreme Court, after noting the agreement of the parties to arbitrate and their agreement on the arbitrator, the site, and the procedure and manner of arbitration, as well as noting the extended period of time necessary for proofs to be presented, concluded:

"Yet, the Court of Appeals reading of the 'condition precedent' language would deprive that provision and the arbitration hearing conducted of any effect. The plaintiff's contention that the provision as construed retains effect by bringing 'the parties together in one

room for a day' and by being a 'valid tool for compromise' is unconvincing. Arbitration would be just a warmup, binding on no one. Such a result is unreasonable in light of the rather extensive arbitration hearing held.

"A fair interpretation would be, and we so hold, that the parties intended the condition precedent language to preclude a court action regarding disputes within the scope of the arbitration clause independent of the award. Having agreed to arbitrate, plaintiff's remedy, if any, is limited to a challenge to the validity of the arbitration award; it may not contest *ab initio* in a court the merits of the contract dispute." 400 Mich 581-582.

The arbitration clause in the instant case states:

"It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may take against the other."

This language, agreed to by both parties, does not differ substantially from that use of the term "condition precedent" in *Siller*. We find that the trial court did not err in applying the rule enunciated by the Supreme Court in *Siller* to the facts and circumstances of the instant case.

The decision of the trial court is affirmed. Costs to defendants.